# Kelly *v.* Hendricks.

### *Real Action in the Nature of Ejectment.*

1. *Ejectment; recovery on legal title.*—In ejectment, or the corresponding statutory real action, the superior legal title must prevail, regardless of the equities of the parties.

*Same; estoppel.*—In a court of law there can be no estoppel affecting the title to lands, unless in writing; for at law the title can pass only by writing.

APPEAL from Sumter Circuit Court.

Tried before Hon. GEORGE H. CRAIG.

This was a real action in the nature of ejectment, commenced by the appellee, Virginia Hendricks, against the appellant, Thomas Kelly, to recover a lot in the town of Gainesville. There was a verdict and judgment for the plaintiff in the court below, and the defendant having reserved exceptions on the trial, brings the case here by appeal.

Both parties deduced title from a common grantor, one J. A. Woodward.

Mrs. Kelly's title was shown to be as follows: On the 21st day of May, 1860, Woodward executed a deed of trust conveying the lot in controversy to Turner Reavis and W. T. Hare, to secure payment of a debt due one O'Neal. This deed, properly executed and acknowledged, was recorded next day. The debts secured by the deed not having been paid, Reavis and Hare, in strict pursuance of the powers vested in them by the trust-deed, sold and conveyed the premises to the appellee on the 29th day of February, 1869.

[Kelly v. Hendricks.]

Appellant bought the premises in controversy from said J. A. Woodward, on the 18th day of April, 1865, and received a conveyance, which was properly acknowledged and recorded in October following. After introducing this deed, "defendant offered to prove by parol that O'Neal, the *cestui que trust*, consented to and authorized the sale of the said property to defendant by said Woodward, the grantor in the deed of trust. The plaintiff objected to the introduction of the deed, and to the parol evidence offered in connection with it, and the court sustained the objection, and excluded the deed and parol evidence, and defendant excepted."

The defendant then offered to prove by parol that he purchased the property sued for from Woodward, with the consent of O'Neal, the beneficiary, and of the trustees, and under the advice of the trustee, Reavis; that defendant would not purchase said property until he was assured by the grantor in the deed of trust, the beneficiary, and the trustee, Reavis, that he was buying a good title, and that O'Neal told him the property was released from the operation of said trust. The plaintiff objected to this evidence of claim of title, and the court sustained the objection, and defendant excepted.

"The defendant then offered to prove by himself and the deposition of Woodward, that defendant went into possession of said property on the eighth of April, 1875, under a parol executed contract of sale made with Woodward, by the oral consent and authority of O'Neal, with the knowledge, advice, and consent of Reavis, the trustee, and that he had been in the adverse enjoyment of the property ever since that time, claiming it as his own, and holding it adversely to all persons. He also offered to prove that these facts were also well known to plaintiff at the time she purchased at the trustees' sale, and that she knew of his claim to the property, the defendant in forbidding the sale having stated that her whole claim to it was from Woodward, the grantor in the deed of trust." The plaintiff objected to this evidence of the character of defendant's claim of title, and the court sustained the objection, and defendant excepted.

This was substantially all the evidence. The court charged the jury, if they believed all the evidence, to find for the plaintiff, and defendant excepted. The various rulings to which exception was reserved, are now assigned for error.

Cook & Little, for appellant.

Bliss & Snedicor, *contra*.

BRICKELL, C. J.—It is settled by former decisions that in an action of ejectment, or the corresponding real action prescribed by statute, a plaintiff showing a superior legal title must recover whatever may be the equities of the parties. The defendant may be the vendee of the plaintiff, in possession, holding the plaintiff's bond for title, on the payment of the purchase money, and may have fully paid it, entitling himslf to a specific performance, yet the legal title of the plaintiff must prevail at law, and the defendant must resort to equity for relief.—1 Brick. Dig. 627, §§ 34, 35, 36; or, it may be that the defendant by the fraud of the plaintiff has been induced to become the purchaser of the lands from another; yet, if the plaintiff has the superior legal title, it must prevail, and the defendant must seek relief in equity, "where the fraud can be made to operate directly on the title, and the court can decree a conveyance of it, and then unite the legal title with the equitable title."—*McPherson v. Walters*, 16 Ala. 714; *Gimon v. Davis*, 36 Ala. 589. If it be true the appellant was induced to purchase the land by the verbal representations of the trustee and the beneficiary in the deed of trust, these representations may operate an equitable estoppel against the assertion of the legal title conveyed by the deed of trust, yet in a court of law there can be no estoppel affecting the title to the land, which is not in writing, for at law the title can pass only by writing.

The rulings of the Circuit Court were in accordance with these views, and its judgment must be affirmed.