# Lampley *v.* Knox.

*Statutory Detinue, by Mortgagee against Mortgagor.*

1. *Payment of mortgage debt as defense.*—By statutory provision, payment of the secured debt is a defense to an action of detinue by the mortgagee against the mortgagor (Code, § 1870); but the defense is not made out by proof of partial payment and failure of consideration as to the residue of the debt; as, that the mortgagee promised to pay a debt which the mortgagor owed to a third person, and failed to pay it.

APPEAL from the Circuit Court of Barbour.
Tried before the Hon. JESSE M. CARMICHAEL.

JAMES LANG, for appellant.

WATTS & SON, *contra.*

McCLELLAN, J.—Action of detinue by mortgagee, Lampley, after law-day, against mortgagor, Knox, in possession. The debt secured appeared by the face of the mortgage to be $308.80, eighty dollars of which it was admitted had been paid, and duly entered on the paper as a credit. There was evidence for the defendant tending to show that the consideration of the mortgage, to the extent of $240, was a debt due from defendant to a third person, Mrs. Hightower, which plaintiff agreed to pay for him, and which he had failed to pay. On the aspect of the case presented by this tendency of the evi-

31

[Lampley v. Knox.]

dence, the court, at defendant's request, charged the jury in effect, that if they believed from the whole testimony that the plaintiff agreed to pay $240 to Mrs. Hightower, as a part of the consideration of the mortgage, and failed to pay it as agreed, the mortgage should be credited by that amount, and, if, as thus reduced, the debt secured by it was fully satisfied by the payment of the eighty dollars, the payment of which was not controverted, their verdict should be for the defendant. There were three charges substantially to the same effect thus given, and separately excepted to. They can not be sustained under former rulings of this court. The statute, under which the defense was sought to be made, provides that "the payment of a mortgage debt, whether the mortgage is of real or personal property, divests the title passing by the mortgage."—Code, § 1870. In the case of *McKinnon v. Lessley*, 89 Ala. 625, in construing section 2707 of the Code, which, as to the defense of payment of a mortgage debt in an action for the recovery of land, is in substantially the terms of section 1870, we used the following language : "*Payment of the mortgage debt*— the debt apparent on the face of the instrument—either before, or within thirty days after judgment, is the basis and only predicate for defendant's right to defeat recovery of his land. And to this extent only, the common law, which does not countenance the defense of payment of the mortgage debt in actions of ejectment by the mortgagee, was changed by the statute. Neither the right to go behind the mortgage and attack its consideration, nor to plead set-off, is within the terms or spirit of the enactment. Those rights can not be effectuated under it, but must be asserted now as before its passage. It is only the existence or amount of the mortgage debt which can be put in issue under the statute ; and its existence can be disproved, or its amount reduced, only by evidence of payment in whole, or *pro tanto.—Sanders v. Cassady*, 86 Ala. 246 ; *Bradford v. Daniel*, 65 Ala. 133."

These considerations apply fully to the case at bar, and must lead to a like conclusion, that the defendant having secured the payment of the amount set forth in the mortgage, can not in this action avail himself of a statutory defense depending on the payment in full of that amount, by evidence going to show payment of a part only, and failure of consideration as to the residue. It is indeed open to doubt whether defendant's obligation to pay an amount including the $240 in controversy, and plaintiff's obligation to pay that sum to defendant's creditor, are not such independent stipulations as that plaintiff's default would afford defendant no defense even in an action of debt; but this we need not decide.—*Lockard*

[Davenport v. Brooks.]

*v. Webster*, 1 C. & E. 71. However that may be, in this action the defense attempted is not open to him; and the charges given by the court to the contrary are erroneous.

Reversed and remanded.