# Lomb v. Pioneer Savings & Loan Co.

*Statutory Action in the Nature of an Ejectment.*

1. *Ejectment; plea of the general issue; what evidence admissible thereunder.*—Under the statute (Code, § 2698), which provides that the plea of the general issue in a statutory action in the nature of ejectment is "not guilty," and that under such plea the defendant may introduce evidence of such matters as may be admissible under a similar plea in an action of ejectment, a defendant in a statutory action under the plea of not guilty can introduce in evidence any and all facts which operate as a bar to plaintiff's right of possession, whether in denial and disproof of the title relied on by plaintiff, or in support of the superior and independent right, however acquired, by defendant, even though such defense must, in other actions, be first presented by special pleas; and where special pleas are filed, which set up a defense which is available under the general issue, they should be stricken from the file.

2. *Same; special plea, when allowable, must be clear and definite.*— While it may be that, under the provision of the statute, (Code, § 2707), which authorizes a mortgagor to plead payment of the mortgage debt or performance of the conditions of the mortgage, in bar of an action by the mortgagee for the recovery of the mortgaged premises, the payment or performance of conditions may be specially pleaded, such special plea, if allowable, must be clear, definite and explicit; and, in a statutory action in the nature of ejectment by a mortgagee to recover the mortgaged lands, a special plea in which it is only averred "that the condition of said mortgage, which is the

foundation of this suit, has been performed by the defendant," is demurrable because too vague and indefinite.

3. *Corporations; change of name does not affect rights of parties under mortgage thereto; can maintain action in new name, and introduce evidence showing identity.*—The change of name of a corporation, in accordance with the laws of the State, from which the corporate existence was derived, does not destroy its identity or affect the rights, or lessen or add to the obligations and duties, of persons dealing with or under contract with such corporation; and a suit by said corporations, after the change in name, is properly brought in its new name, and it is competent for it, in the prosecution of said suit, to introduce evidence to prove that it was the identical corporation, existing under the name in which the suit was. brought, to which a note and mortgage, the foundation of the suit, were executed.

4. *Building and loan associations; use of word "National" in name not violative of statute of United States.*—A building and loan association has its own peculiar functions, powers and franchises, which are distinguishable from the functions, powers and franchises of banking corporations; and the use of the word "National" in the name of a building and loan association is not violative of section 5243 of the Revised Statutes of the United States, which prohibits, under a penalty, all banking corporations, not organized and transacting business under the "National Banking Law," and all persons or corporations doing the business of bankers, from the use of the word "National" as a part of their corporate name or as a portion of their title.

5. *Right of mortgagee to maintain ejectment after default of mortgage; equitable defenses can not be interposed.*—After default in the performance of the conditions of a mortgage, the mortgagee is, at law, invested absolutely with the legal estate of the lands conveyed in the mortgage, upon which he can maintain ejectment; and in a statutory action of ejectment brought by a mortgagee after default, there can be no inquiry beyond the legal title, and there can only be legal defenses interposed; and matters cognizable only in a court of equity, such as a want of consideration for the mortgage debt, a failure of consideration or usury therein, can not be set up in defense of such action.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

This was a statutory action in the nature of an action of ejectment, brought by the appellee, the Pioneer Savings & Loan Company, against the appellant, Artie H. Lomb, to recover certain lands specifically described in the complaint; and was instituted on April 8, 1892.

On the trial of the case, the defendant suggested that the suit was brought by a mortgagee against a mortgagor, and that the mortgage debt should be ascertained

and entered of record. The defendant filed several pleas, which, as amended, were as follows :

"1.　That the plaintiff has no right to maintain this action, for this, that this action is founded upon a mortgage which was given by defendant to the National Building, Loan & Protective Union of Minneapolis, Minnesota, and that plaintiff has no rights under said mortgage which it can enforce in its own name. The said National Building, Loan & Protective Union made with the defendant the contract, by promissory note and by deed of mortgage, under and by virtue of which said mortgage and as mortgagee thereunder, the plaintiff sues to recover in this action ; that it was a contract made in the State of Alabama, and that said National Building, Loan & Protective Union was, at the time when said note and mortgage was made, doing business as a foreign corporation in said State of Alabama, contrary to law, and that said corporation was, at the time of said contracting, as aforesaid, a foreign corporation existing under and in pursuance of the laws of the State of Minnesota.

"2.　That the National Building, Loan & Protective Union, was at the time the contract of loan was entered into, and the note and mortgage executed, which are sought to be made the foundation of this suit, a foreign corporation under the laws of Minnesota, and that it had not then complied with the provisions of Article XIV, section 6 of the Constitution, nor with Chapter 60, page 102, Laws of 1886–7 of Alabama, and that it had not then a resident agent or known place of business in this State.

"3.　That the plaintiff is a foreign corporation, organized under the laws of Minnesota, and that it has not complied with Article XIV, section 6 of the Constitution, nor with Chapter 60, page 102, Laws of 1886–7, of Alabama, and that it has not now, nor ever had, a resident agent or known place of business in this State, and that it has been doing business in this State in violation of the constitution and laws of Alabama in this case; and that the contract made by defendant with said National Building, Loan & Protective Union was, by promissory note, secured by mortgage upon the lands sued for in this action, under and by virtue of which said mortgage, and as mortgagee thereunder, the plain-

38

tiff seeks to recover in this suit, was a contract entered into in violation of the laws of Alabama as aforesaid.

"4. That this suit is brought to recover the lands herein sued for by plaintiff as mortgagee, under and by virtue of a certain deed or mortgage made by defendant to secure the payment of a certain promissory note given by defendant to the National Building, Loan & Protective Union, and that the debt, given to secure which said mortgage was made, executed and delivered, has been paid.

"5. That the condition of said mortgage, which is the foundation of this suit, has been performed by the defendant, but has been broken by the mortgagee, the National Building, Loan & Protective Union.

"8. The defendant, for answer to the complaint, saith, she is not guilty of the matters alleged therein.

"9. Defendant for further plea to the complaint herein says, that the plaintiff claims to be the owner of a certain mortgage upon the lands described in the complaint executed by defendant to the National Building, Loan & Protective Union, a foreign corporation, in January, 1890, to secure the payment of a note of same date for $7,000 due seventy-three months after date, and claims the right to recover herein as the owner of said mortgage, only defendant avers that the plaintiff is not the owner of said mortgage, or of the debt secured thereby, nor has the plaintiff any right to recover herein or assert any claim or rights under said mortgage or the note secured thereby."

The plaintiff demurred to the third plea upon the ground that it is no answer to the complaint, and the pleas set up no defense to the action. To the fifth plea, the plaintiff demurred on the ground that it was vague and indefinite. The demurrers to the third and fifth pleas were sustained, and issue was joined upon the remaining pleas.

The evidence for the plaintiff tended to show that on December 1, 1890, the date the mortgage was executed to the defendant, The National Building, Loan & Protective Union of Minneapolis, Minnesota, the mortgagee in such mortgage, was a building and loan corporation duly and legally organized under the laws of Minnesota. The plaintiff introduced in evidence the mortgage executed by the defendant and her husband to the said

National Building, Loan & Protective Union, conveying the lands sued for in this action, and proved that prior to the execution of the said mortgage, the National Building, Loan & Protective Union had complied with the laws of Alabama as to the designation of agents of foreign corporations. The plaintiff also introduced in evidence duly certified copies of acts of the General Assembly of Minnesota, and resolutions of the board of directors of the National Building, Loan & Protective Union of Minneapolis, Minnesota, which showed that the name of the National Building, Loan & Protective Union of Minneapolis, Minnesota, was changed in May, 1891, in accordance with the laws of the State of Minnesota, to that of the Pioneer Savings & Loan Company, and that since that time it has used only the latter name. It was also shown by the plaintiff that the defendant had made default in the payment of the interest and instalments, as provided in the mortgage, beginning with March, 1891, down to the time of the institution of this suit on April 8, 1892, which default, under the provisions of the mortgage, authorized the mortgagee to take possession of the land conveyed in the mortgage. It was contended by the defendant among other things, that the plaintiff was not entitled to recover in this action, because at the time of the execution of the mortgage, the corporation to which the mortgage was executed used the word "National" in its corporate name, in violation of section 5243 of the Revised Code of the United States.

There were many exceptions reversed to the rulings of the court upon the pleadings and upon the evidence introduced; but under the opinion on this appeal, it is deemed unnecessary to set out these rulings in detail.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, the court rendered judgment in favor of the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

CHARLES B. POWELL and JOHN M. MARTIN, for appellant.—1. There was no legal evidence that the appellee was the owner of, or successor to, the rights of the National Building, Loan & Protective Union, or had any

[Lomb v. Pioneer Savings & Loan Co.]

rights under the mortgage or said promissory note. Appellee could have no rights under the mortgage, which were denied to the National Building, Loan & Protective Union. No rights existed, for the use of the word "National" in the name of the first name of the corporation vitiated the entire transaction and the debt could not be collected by legal processs in Alabama.—*Young-blood v. Birmingham Trust & Sav. Co.*, 95 Ala, 521; *Doughtery v. Seymour*, 26 Pac. Rep. 823; *Meech v. Lee*, 46 N. W. Rep. 83; *Union Pac. R. R. Co. v. Kennedy*; 20 Pac. Rep. 696; *Davidson v. Lanier*, 4 Wall. 447; *Brown v. Tarkington*, 3 Wall. 377.

2. Appellee claimed the right to sue under a contract or mortgage made to a savings corporation, which had in, and a part of, its name the word "National" to-wit, "National Building, Loan & Protective Union" and the use of said word 'National" being a misdemeanor, with a penalty, under the laws of the United States, the contract is an illegal one, and can not be enforced by legal process.—Rev. Statutes of U. S. § 5243; *Un. Pac. R. R. Co. v. Kennedy*, 20 Pac. Rep. 696; *Younblood v. Birmingham T. & S. Co.*, 20 L. R. Ann. 58.

CABANISS & WEAKLEY, *contra.*

BRICKELL, C. J.—The statutes confer on a party suing for the recovery of lands, or for the possession thereof, the right to elect either of the two remedies they provide—an action of ejectment, or an action in the nature of an action of ejectment. The substance of the complaint in the latter form of action is prescribed, and in effect it is an action of ejectment stripped of the forms and fictions which were at common law the characteristics of that form of action.—Code, §§ 2695-96. And it is declared that "the general issue in an action in the nature of an action of ejectment is 'not guilty,' and under it the defendant may give in evidence the same matter which may be given in evidence under such plea in an action of ejectment:"—Code, § 2698. The scope and extent of the plea of "not guilty" in an action of ejectment is well defined. It casts upon the plaintiff the burden of proving a legal right to the possession of the premises in dispute, and of consequence, whatever operates a bar to his right of possession causes him to

fail, entitling the defendant to a verdict. Unless it be of matter *puis darrein continuance*, the defendant may not plead any other plea; it is unnecessary and is foreign to the nature of the action.—*Bynum v. Gold, ante*, p. 427; Tillinghast Adams Ejectment, § 70; Tyler on Ejectments, 464. If the matter of the special pleas to which demurrers were sustained be available as a defense, it was available under the general issue, and these pleas could well have been stricken from the file as inappropriate and immaterial. There is a *dictum*, seemingly to the contrary in *Slaughter v. Swift*, 67 Ala. 494, resulting from the inadvertence of not distinguishing between the scope and effect of the general issue in this form of action, and the scope and effect of the general issue in other civil actions. The real question in that case was, whether in an action of ejectment by a mortgagee, the action could be defeated on evidence of payment of the mortgage debt, and it was decided that such defense was unavailing. Since the statute, (Code, § 2707), has authorized the mortgagor, or any one holding under him, to plead payment of the mortgage debt, or performance of the condition of the mortgage, in bar of an action by a mortgagee, or his assignee, for the recovery of the mortgage premises, it may be, that now, payment of the mortgage debt, or performance of the condition, may be pleaded specially. If that be true, the plea of the performance of the condition of the mortgage the defendant interposed, was too vague and indefinite, and of consequence demurrable.

There was objection to the introduction in evidence of the mortgage and the promissory note, payment of which it was intended to secure, which seems to have been founded on the fact that the plaintiff was not, *eo nomine*, the grantee of the mortgage and the payee of the note. It was competent for the plaintiff to prove that it was the identical corporation, existing under the present name, to which the mortgage was executed, and the note made payable—in other words, that there was a mere change of the corporate name; and the proof when made deprived the objection of all force. Changes of name by corporations are not infrequent, and have no more of effect upon the identity of the corporation, than a change of name by a natural person has upon his identity; it affects no rights, nor does it lessen or add to obligations

[Lomb v. Pioneer Savings & Loan Co.]

and duties. If in the act of incorporation, proceeding from the law making power, a particular name is given, there cannot be a legal change of it without the assent of that power. Third persons contracting with the corporation have no rights or interests involved in the change, and cannot inquire into, or collaterally assail the mode of procedure by which it may have been effected. Legislation authorizing the change belongs to that class of legislation which has uniformly been recognized as valid, for the reason that it affects no rights of those who deal with the corporation; does not change the relations of the shareholders to each other or to the corporation, and does not impair the corporate franchises. 1 Morawetz, § 354; Ang. & Ames, Corp., § 102. In the present case, the change seems to have been effected in strict accordance with the laws of Minnesota, from which corporate existence was derived, and in the change the corporation and the State have acquiesced. It is not for parties who have contracted with the corporation to avoid their contracts by any complaints of the mode of procedure by which the change was effected. When to the plaintiff satisfaction of the liability of the defendant is made, the satisfaction will be as full and complete, of all the legal efficacy which would have attached, as if the change of name had not been made.

There is no force in the contention that the note and mortgage are void because the word "National" formed part of the original corporate name of the plaintiff. The law supposed to be offended is section 5243 of the Revised Statutes of the United States forming part of the "National Banking Law." It prohibits under a penalty, all banking corporations not organized and transacting business under the law, and all persons or corporations doing the business of bankers, brokers, or savings institutions, except savings banks authorized by Congress, from the use of the word "National" as part of their corporate name, or as a portion of the title of such bank, corporation, firm or partnership Whether a transaction or a contract is in contravention of a statute, is at all times, manifestly, matter of construction. We incline to the opinion that it would necessitate a latitudinous construction of this statute to visit invalidity upon contracts made by or with corporations within the scope of their corporate powers, contravening its prohibition by the

[Lomb v. Pioneer Savings & Loan Co,]

use of the word "National." But that question need not be decided. The plaintiff is essentially a corporation of the class known as "Building & Loan Associations," having its own peculiar functions, powers and franchises, distinguishable from the functions, powers and franchises of the corporations referred to in the statute, nor is it engaged in the transaction of the business against the transaction of which, under the use of the word "National" as part of a corporate name, the statute is directed.

Mortgages of land have long been recognized in this State as of a dual character—a conveyance of an estate in lands, and as a security for the payment of a debt, or for the performance of an obligation or a duty ; bearing one character in a court of law, and another in a court of equity.    At law it is a conveyance of an estate in lands— a fee simple, unless otherwise expressly limited.    The estate in its origin and inception is conditional ; annexed to the fee is a condition which may defeat it.    The mortgagee, if there be not in the conveyance a reservation of the possession to the mortgagor until default in the performance of the condition, has the immediate right of entry, and may eject the mortgagor or his tenants.—*Duval v. McLoskey*, 1 Ala. 737.    After default in the performance of the condition expressed in the mortgage, at law the estate is absolutely vested in the mortgagee—the fee if freed from the condition annexed to it.    Before default, there remains in the mortgagor the right to perform the condition thereby restoring his original estate.    After default, there continues to him the equity of redemption, of which, as between mortgagor and mortgagee, courts of law cannot take cognizance or notice.—*Paulling v. Barron*, 32 Ala. 11 ; *Baker v. Bell*, 37 Ala. 258 ; *Welsh v. Phillips*, 54 Ala. 309.

In an action of ejectment, or in the corresponding statutory real action, the legal title only is involved.    The plaintiff can recover only on a superior legal title—the defendant can defeat a recovery only by legal defenses— the equities of the parties cannot be asserted or regarded. *Mitchell v. Robertson*, 15 Ala. 412 ; *Nickles v. Haskin, Ib.* 619 ; *McPherson v. Walters*, 16 Ala. 714 ; *You v. Flinn*, 34 Ala. 409 ; 3 Brick. Dig. 325, §§ 33–34.    The mortgage passed the legal estate to the plaintiff, subject to be defeated by the performance of the condition in the manner and at the time appointed.    The failure to perform

the condition, freed the estate from its defeasible quality, vesting the estate in the plaintiff absolutely. In a court at law there can be no inquiry beyond the legal title. A want of consideration for the mortgage debt, or a failure of the consideration, or usury infecting it, are matters cognizable only in a court of equity, which can mould and adjust its decrees to meet the rights and interests of the parties. That court may, if right and justice require it, direct the cancellation of the mortgage, removing it as a muniment of title, or compel a reconveyance, and it can compel the mortgagor to a restoration of whatever was received as the consideration of the mortgage. If there be any force in the contentions of appellant to which we have not averted specially, they are of equitable cognizance exclusively, and have no pertinency or relevancy in this action.—*Kelly v. Mobile B. & L. Association*, 64 Ala. 501.

We do not deem it necessary to pass upon the numerous objections to testimony with which the bill of exceptions abounds. The mortgage and its execution and the making of the note it was intended to secure were undisputed, and the breach of the condition was shown by evidence which was not subject to objection. These facts required the rendition of the judgment which was rendered, and upon them, and not upon other evidence which may have been objectionable, it must be presumed the court proceeded.

We find no error in the record, and the judgment must be affirmed.