# Davis *v.* Anderson, *et al.*

## Ejectment.

(Decided Dec. 16, 1909.—50 South. 1002.)

1. *Mortgages; Payment; Effect.*—Since section 4899, Code 1907,
provides that the payment of the mortgage debt divests the title
passing by the mortgage, in ejectment by one claiming under a senior
mortgage against one claiming under a junior mortgage, evidence
may be introduced that the senior mortgage had been paid before
foreclosure.

2. *Appeal and Error; Harmless Error; Evidence.*—Where the
court erroneously sustained objections to evidence, and afterwards
reverses its rulings and offers the party the opportunity of introduc-
ing such evidence, any former error is cured.

3. *Evidence; Similar Facts; Admissibility.*—The action being stat-
utory ejectment by a senior mortgagee against a junior mortgagee,
a crop lien mortgage executed by the mortgagor to the senior mort-
gagee having no relation to the land is properly excluded.

4. *Same; Admissions of Agent; Existence of Agency; Relation.*—
Where a witness testified that the bookkeeper of the mortgagee sent
him and another person to get a new mortgage from the mortgagor
and instructed them what assurance to give the mortgagor to pro-

[Davis v. Anderson, et al.]

cure the execution of a new mortgage, and the testimony of the mortgagee that he gave his bookkeeper instructions what to do about it, proved the agency so as to render competent what took place when the witness and such third person called upon the mortgagor.

5. *Witnesses; Right of Party to Discredit Own Witness.*—A party may not for the purpose of discrediting his own witness inquire of the witness whether he had had a conversation relative to the matter testified about with a third person.

6. *Same; Cross Examination; Scope.*—The extent to which a party will be allowed to go on his cross examination of a witness as to matters testing the accuracy of the witness' statement rests largely in the discretion of the trial court.

APPEAL from Clark Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Ejectment by Thomas W. Davis against Ollie Anderson and another. Judgment for defendants and plaintiff appeals. Affirmed.

THOMAS W. DAVIS, pro se.—The mortgage offered in evidence by defendant John Kimbrough from Anderson and wife to himself should have been excluded because it shows that a sale and transfer of same had been made to Kimbrough & Company. While an attempt to avoid the transfer was made by running a pen through it, this did not re-convey the title to Kimbrough.—*Carter v. Smith,* 131 Ala. 117. Next, the mortgage was executed subsequent to the law day and default in the payment of the mortgage made to Boyles in 1895, and which was foreclosed with Davis purchasing at the sale.—54 Ala. 309; 75 Ala. 216; 98 Ala. 310. The defendant is estopped from setting up superior outstanding title, and hence, the deed from Kimbrough to Gunn should not have been admitted.—76 Ala. 204; Jones on Mortgages, Sec. 719. It was irrelevant on further ground that it was executed subsequent to the law day and default in payment of the mortgage from Anderson to Boyles.— 65 Ala. 371; 86 Ala. 245; 92 Ala. 582; 37 Ala. 358; 45 Ala. 482. For the same reason the deed offered by Kim-

brough from Gunn to himself, should have been exclud-
ed.

QUINCEY W. TUCKER, for appellee.—The payment of
the mortgage debt whether as to real or personal prop-
erty divests all title passing by the mortgage.—*Foster,
et al. v. Smith,* 104 Ala. 248; Sec. 4899, Code 1907.
Counsel discuss other assignments of error, but with-
out citation of authority.

SIMPSON, J.—This is an action of statutory eject-
ment by the appellant against appellee. Both parties
trace their title to the common source—Ollie Anderson.
The plaintiff's title was through a mortgage from said
Ollie Anderson and wife to N. B. Boyles, dated Septem-
ber 7, 1895, and a deed from said Boyles, the mortgagee,
to plaintiff, dated January 10, 1906; and the defendants
claimed under a mortgage by said Ollie Anderson and
wife to John Kimbrough, dated May 6, 1904, and a deed
(reciting a foreclosure) from said John Kimbrough to
Norman Gunn, dated December 28, 1905, and deed from
Gunn to said Kimbrough, dated January 22, 1906.

After testimony as to the foreclosure of the mortgage
from Anderson to Boyles, the purchase by the plaintiff,
and the receipt by said Boyles of the amount bid at the
foreclosure sale, the defendant Ollie Anderson (who
was the tenant of the other defendant, Kimbrough), be-
ing examined as a witness for the plaintiff, was asked,
on cross-examination by the defendants, whether or not
the mortgage to Boyles was paid before the foreclosure.
The plaintiff objected to this question, and the overrul-
ing of said objection is made the subject of the first as-
signment of error insisted on. In addition to the fact
that no motion was made to exclude the answer to said
question, the question was proper, as under the statute

the payment of the mortgage debt would divest the title passing by the mortgage, and be a complete defense to an action thereunder for the property.—Code 1907, § 4899; *Foster & Rudder v. Smith,* 104 Ala. 250, 16 South. 61; *Bufford v. Raney,* 122 Ala. 570, 26 South. 120; *Baker v. Burdeshaw,* 132 Ala. 169, 31 South. 497; *McKinnon v. Lessley,* 89 Ala. 627, 8 South. 9.

There was no error in excluding the crop lien mortgages made by said Anderson to said Boyles from 1895 to 1899, inclusive, as they were not shown to have any relation to the mortgage on the land.

If there was error in sustaining objections to the question by plaintiff to the witness Anderson as to a conversation between plaintiff and said witness, it was cured by the subsequent action of the court in reversing its ruling and offering to plaintiff the opportunity to introduce said evidence.

There was no error in sustaining the objection to the question by the plaintiff to the witness N. B. Boyles "if he did not have a conversation with Ollie Anderson in the presence of Thomas W. Davis in October, 1901, at witness' store, in reference to amount due on mortgage." No statement was made showing the relevancy of the testimony sought. Its apparent object was to discredit plaintiff's own witness, which could not be done.

There was no error in overruling the objections to the introduction by the defendants of the mortgage from Ollie Anderson to John Kimbrough. Said mortgage constituted a link in the chain of title set up by the defendants, and the mere fact that it was dated after the maturity of the mortgage introduced by the plaintiff did not make it inadmissible. There is nothing on the mortgage as copied in the record to show that it had been transferred "by John Kimbrough to J. W. Kimbrough & Co.," and the record does not show that any objection was made on that account.

[Davis v. Anderson, et al.]

The objection made to the introduction of the fore-closure deed of John Kimbrough to Norman Gunn was because "it seeks to convey the same land embraced in the mortgage made by Anderson to N. B. Boyles in 1894," which, of course, was no reason for excluding the deed.

There was no error in overruling the objection to the question to the witness Tucker as to "what took place" when witness and one Cammack went to see Anderson. The witness had testified that W. D. Boyles, the book-keeper to N. B. Boyles, sent him and Cammack to get the new mortgage from Anderson, and instructed them what assurance to give if Anderson would execute the new mortgage, and N. B. Boyles had testified that he gave instructions to W. D. Boyles what to do about it. No further evidence of agency was needed.

The question to the witness Tucker as to whether a certain clause in the mortgage was written by the same machine as the other parts of the instrument was not subject to the objections made.

The receipt of N. B. Boyles for "$49.34 in full of store a/c to date," was relevant in connection with the testi-mony of W. D. Boyles that his account was never less than from $200 to $250, as showing whether said Boyles was accurate in his statement. At any rate, no injury could occur to the plaintiff in this action by showing that this little account was paid.

As to the questions to the witness N. B. Boyles in re-gard to his bankruptcy, in addition to the principle that the extent to which a cross-examination may be carried is largely within the discretion of the trial court, the matters inquired of were permissible to test the accu-racy of the witness' statements in regard to the nonpay-ment of the mortgage.

[Neville, et al. v. Cheshire.]

The alleged discrepancies in the statements of witnesses were for the consideration of the jury, and there was no error in the refusal to give the general affirmative charge in favor of the plaintiff. The judgment of the court is affirmed.

Affirmed.

ANDERSON, McCLELLAN, and MAYFIELD, JJ., concur.