# Brown *v.* Loeb.

## *Ejectment.*

(Decided April 4, 1912.  58 South. 330.)

1. *Pleading; Amendment; New Cause.*—Where a complaint clearly shows that plaintiff intended to sue for the possession of the land covered by the mortgage under which he was claiming, and that the description of the land as a part of the northeast instead of the southeast quarter of the section, was a clerical error, an amendment to the complaint was properly allowed claiming a

[Brown v. Loeb.]

proper description, especially in view of the provisions of section 5367, Code 1907.

2. *Witnesses; Examination.*—Where the former owner of the land had executed two mortgages, one by herself, and one jointly with her husband, a question to the mortgagee on cross-examination as to whether, at the time "this mortgage" was made, the mortgagor owed him anything was properly excluded as it is uncertain as to which of the mortgages it referred.

3. *Appeal and Error; Harmless Error; Evidence.*—Where the contents of the mortgages were not disclosed by the bill of exceptions, it was not reversible error to exclude a question to the mortgagee whether at the time the mortgage was made, the mortgagor owed him anything, as it might have been given for a new debt then created, or to secure future advances, and it will be presumed that the consideration recited was such as to render the anticipated answer immaterial, the action being ejectment involving the validity of the mortgage.

4. *Same.*—Where the bill of exceptions did not show that by the terms of the mortgage, a newspaper notice of the foreclosure was necessary, the exclusion of evidence offered for the purpose of showing that a newspaper advertisement of the foreclosure covered a different piece of land from that described in the mortgage, was not error, in an action of ejectment by the mortgagee.

5. *Ejectment; Consideration.*—The original absence or subsequent failure of consideration for a mortgage cannot be proved in an action of ejectment, but resort to a court of equity must be had to attack the mortgage on this ground.

6. *Evidence; Relevancy to Issue.*—Where the former owner of the land had executed two mortgages on it, one alone, and one jointly with her husband, and the mortgagee had already testified to the payment of mortgage made by the owner alone, the exclusion of evidence that the mortgage made by B, the owner, had been paid, was proper, since manifestly it did not refer to the joint mortgage.

7. *Trial; Evidence; Objection.*—The admission in evidence in an action of ejectment by the mortgagee of the actioneers foreclosure deed over a general objection stating no ground, was proper. as the deed was relevant on the question of title.

8. *Mortgages; Right of Possession.*—Unless the mortgage reserved possession to the mortgagor until default on the law day, a mortgagee in a mortgage conveying land may maintain ejectment at once.

9. *Same; Payment; Burden of Proof.*—After the law day of the mortgage the mortgagee may recover possession without proof of non-payment, payment being an affirmative fact to be shown by the party asserting it.

APPEAL from Montgomery City Court.

Heard before Hon. WILLIAM H. THOMAS.

Ejectment by Jacques Loeb against Arthur Brown. Judgment for plaintiff and defendant appeals. Affirmed.

[Brown v. Loeb.]

BALL & SAMFORD, and HILL, HILL & WHITING, for appellant. The defendant properly raised objection to the amendment of the complaint.—*T. & C. R. R. Co. v. Danforth,* 112 Ala. 80. The amendment was improperly allowed.—*Ex parte Sullivan,* 106 Ala. 80; Sec. 5367, Code 1907. The court judicially knows that the amendment claimed other and different lands from that claimed in the complaint, and thus the original cause of action was wholly abandoned.—*Mobile L. I. Co. v. Randall,* 74 Ala. 170; *Leatherwood v. Suggs,* 96 Ala. 383; *S. A. M. R. R. Co. v. Buford,* 106 Ala. 303; *Blankenship v. Blackwell,* 124 Ala. 359; *Ivey L. C. Co. v. Long,* 139 Ala. 535. The court erred in refusing to permit the defendant to show that the mortgage had been paid.—Sec. 4899, Code 1907.

STEINER, CRUM & WEIL, for appellee. The amendment was merely to correct a mistake, and was in no sense, a departure.—*Russell v. Irwin,* 38 Ala. 44; *Pickett v. Doe ex dem,* 74 Ala. 122; *Buchanan v. Larkin,* 116 Ala. 431; *Floyd v. Wilson,* 163 Ala. 284; *Byrd v. Hickman,* 52 South. 426; 74 Ala. 126; 91 Ala. 258; 96 Ala. 384; 111 Ala. 258. There were two mortgages in evidence, and the question failed to indicate to which mortgage reference was made, and hence, was too uncertain. In any event, under the circumstances and conditions shown here it was not permissible to show payment of the mortgage debt.—*Jackson v. Tribble,* 156 Ala. 480. A foreclosure had been had under power of sale, a deed executed, and more than two years had elapsed since the foreclosure, and hence, the relation of mortgagor and mortgagee was severed and plaintiff occupied the position of purchaser, and in the absence of fraud or collusion, payment could not be set up in law. —*Slaughter v. Swift,* 67 Ala. 494; *Sibley v. Alba,* 95

Ala. 191; *Lomb v. S. & L. Co.*, 106 Ala. 591. There was no error in excluding evidence as to what the newspaper advertisement disclosed.—*Drake v. Rhodes*, 155 Ala. 498; *Naugher v. Sparks*, 110 Ala. 572. The legal title was in appellee by virtue of the mortgage, and he had a right to maintain ejectment without a foreclosure.— *Lomb v. S. & L. Co., supra; High v. Hoffman, et al.*, 129 Ala. 359.

SOMERVILLE, J.—In an action of statutory ejectment, the original complaint described the property sued for as the most easterly 23½ acres in the S. W. ¼ of the N. E. ¼ of a designated section, upon which defendant entered and unlawfully withheld. Before entering upon the trial, the court allowed plaintiff to amend his complaint by substituting. S. E. ¼ for N. E. ¼ in the description of the land.

Under the old statute of amendments it had been held by this court, in an ejectment case, that "a correction in the description of the property sued for should not be regarded as the substitution of a new cause of action, unless it appears to be such a wide departure from the former description as to introduce a claim to other and different premises not intended to be previously claimed."—*Pickett v. Pope*, 74 Ala. 122, 133. The description there was of a town lot "commencing 600 feet *north*" of a certain corner, "and running *north* 400 feet." By amendment *south* was substituted for *north* in both places; the effect being; as in the present case, to describe a different piece of land. This court approved its allowance, with the observation that "the whole correction made seems to have been the substitution of *south* for *north*, which may have been a mere clerical error," citing *Russell v. Irwin*, 38 Ala. 44, which seems to support the ruling.

Doubtless, however, there was some uncertainty as to the limitations to be placed upon this class of amendments, and perhaps some embarrassment in the general application of the commendably liberal principle announced in the *Pickett Case.* At any rate, the recent revision of the old statute as it now appears in section 5367 of the Code has been framed apparently with special reference to this and similar amendments. The added language is: "* * * And it shall not be held that such new counts or statements of the cause of action relate to new or other causes of action, so long as they refer to the same transaction, property and title and parties as the original, and where this is not apparent on the averments of the pleading, it shall be a question of fact for the jury." Opinions cannot rationally differ as to the plain purpose and the manifest meaning of the language here employed.

Where the record itself does not clearly inform the trial court as to the identity or non-identity of the new matter with the old, the amendment must be allowed, and the issue of identity vel non must be submitted as an issue of fact to the jury; and, unless the plaintiff so amending shall reasonably satisfy the jury of such identity, the whole issue should be decided against him in so far as it depends upon the amendment. In respect to the matters specified, inadvertent inaccuracies and mistakes are notoriously frequent, and the legislative purpose was to at once and completely relieve the trial of causes of the needless expense and delay so often incident to their correction, and to furnish to trial courts a rule of action that is both simple and certain. The result thus achieved is a wholesome one, and in full accord with the modern spirit of reform in judicial procedure, which looks more and more to the substance, and regards less and less the form.

Applying this new provision of the statute to the facts shown in the present case, there can be no doubt whatever that the original complaint exhibited a merely clerical error in the description of the land sued for, and that the intention of the plaintiffs was to sue for the land described in the mortgages under which they were claiming; the controversy not being referable to any other land. We hold, therefore, that the amendment was properly allowed, as being intended to correct an error of description, and not to shift the cause of action to a new and different subject-matter.

The land sued for was formerly owned by Millie Brown, the mother of defendant, as whose heir he claims. During her lifetime two mortgages were executed to Winter and Loeb, one by Millie Brown and James Brown jointly, and the other by James Brown alone.

On cross-examination, defendant asked plaintiff, J. Loeb, testifying for himself, the following question: "At the time this mortgage was made, did this woman Millie Brown owe you anything?" Defendant also asked the plaintiff, Loeb, this question: "Did Millie Brown and James Brown, at the time you say this mortgage was made, owe I. Loeb and J. Loeb anything?" These questions are uncertain as to which of the two mortgages they referred, and the trial court could hardly be put in error for their rejection on this account. But they were otherwise objectionable for two reasons: In the first place, it was not at all material to the validity of either mortgage that the mortgagors should have been then indebted to the mortgagees, for the mortgages rested on the new debt in each case created, and may have been made to secure future advances. Although they were introduced in evidence, their contents are not disclosed by the bill of exceptions, and we

are bound to presume that the considerations as set out therein were such as to render the expected answer immaterial. And, in the second place, in this action to try the legal title, the defendant cannot impeach the consideration, nor show its original absence or subsequent failure, to the avoidance of the mortgage deed.—*Lampley v. Knox*, 92 Ala. 625, 8 South. 822. To achieve such a result, the mortgagor must resort to an appropriate proceeding in a court of equity. The trial court therefore did not err in excluding both of these questions.

The defendant also offered to prove by the same witness "that the mortgage made by Millie Brown had been paid," to which the court sustained the objection of the plaintiffs. There was no error in this, for the witness had already testified on this cross-examination to the payment and discharge of the mortgage made by Millie Brown—a fact wholly irrelevant to the issue. Manifestly, the offer quoted cannot be referred to the joint mortgage of Miller and James.

The defendant also offered to introduce in evidence "the newspaper notice published advertising the land for sale under the mortgage, which notice described a different subdivision of land than those described in the mortgage." On objection of the plaintiffs the court excluded the notice. Without noticing other grounds of objection, it is sufficient to say that it does not appear from the bill of exceptions that a newspaper advertisement of the foreclosure was required by the terms of the mortgages in question, and hence we cannot see that the notice offered was material to the issue; nor does it appear to which of the two mortgages the notice was supposedly pertinent. On such a showing the trial court cannot be put in error.

After testifying to the regular and formal foreclosure of the mortgages, the plaintiffs placed in evidence in

support of their title the auctioneer's deed of foreclo-sure. The defendant moved to exclude this deed, but stated no ground of objection, and the motion was over-ruled. The record discloses no ground for its exclusion; and, even if it did, a general objection would not suffice, since the deed is clearly relevant to the question of title.

Where land is aptly conveyed by a mortgage deed, the mortgagee may maintain ejectment on his legal title at once, if the possession be not reserved to the mort-gagor; and, if possession be reversed until default on the law day, the mortgagee may recover after the law day without proving non-payment of the mortgage debt. The payment of a debt is an affirmative fact, which must always be proved by the party averring it.—*Porter v. Wheeler*, 105 Ala. 451, 17 South. 221.

The evidence amply supports the finding of the court that the mortgage deed was duly executed by Millie Brown, from which it followed of necessity that the plaintiffs were entitled to recover the land sued for, with or without a foreclosure under the power.

No error being shown, the judgment is affirmed.

Affirmed. All the Justices concur, except McClel-LAN and MAYFIELD, JJ., not sitting.