# Ramsey, *et al. v.* Sibert.

## *Ejectment.*

(Decided April 15, 1915.   68 South. 349.)

1. *Mortgages; Conditions; Performance; Title.*—A defense that plaintiff's title was derived through a sale on foreclosure of a mortgage given to secure an appearance bond, the terms of which had been fully complied with, and that the mortgage was consequently rendered null, is not the performance, within section 4988, Code 1907, of a condition upon which the obligation to pay a certain sum by a certain day depends, such not being equivalent to payment.

2. *Mortgages; Ejectment; Ascertainment of Debt.*—Where the mortgage through which title is claimed has been foreclosed under a power of sale therein contained, the provisions of section 3851, Code 1907, are not applicable.

3. *Same.*—In the absence of a statute, a defendant cannot go behind the mortgage and attack its consideration, in an action of ejectment where plaintiff claims through a mortgage.

4. *Same; Assignment; Title.*—The mere assignment of a mortgage to the persons named in the assignment, although without apt words of conveyance of the real estate therein described, authorizes its foreclosure in accordance with the powers of sale therein, vests the purchaser with title to the property conveyed.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Ejectment by S. H. Sibert against Sid Ramsey and others. Judgment for plaintiff, and defendants appeal. Affirmed.

S. W. TATE, for appellants.

GEORGE D. MOTLEY, for appellee.

McCLELLAN, J.—Statutory ejectment by appellee against appellants. The trial was by the court without a jury.

The title of the plaintiff and the propriety of the judgment rendered in his favor depended upon the inqui-

ry whether a mortgage executed by one Thornton, the then owner of the land, to one Hammonds, from whom, by assignment of the mortgage, and subsequent foreclosure thereof under the power of sale therein provided, at which sale plaintiff's grantor became the purchaser, was effective to vest in the plaintiff the legal title to the land in suit. It was asserted for the defendants below that the only purpose in the execution of the mortgage was to indemnify Hammonds against loss by reason of an appearance bond, necessary to be made by Thornton in a criminal proceeding, which Hammonds signed with Thornton; and that Thornton having duly appeared at the trial, and there having been no breach of the appearance bond by Thornton, the condition on which the mortgage was given was fully met, and nothing remained to support the instrument's obligation or to prevent the reinvestment of Thornton with the title conveyed by the mortgage.

The mortgage, and the note it was given to secure, were in the usual form or ordinary promises to pay money at a definite date. There was nothing on the face of the papers to indicate the asserted fact that the papers were only executed as a form of indemnity to Hammonds.

(1) The matter thus sought to be availed of in bar of the recovery in ejectment does not, as is most manifest, fall within the purview of Code, § 4899, which provides for the divesting of the title, conveyed by a mortgage, upon the payment of the indebtedness thereby secured. The performance of a condition upon which, alone, the obligation of a promise to pay a certain sum on or by a certain day may be hinged, is not the legal equivalent of the "payment" prescribed in the cited statute. So that statute is without application to this case.

(2) Code, § 3851—wherein provision is made for the ascertainment of the mortgage debt in an action of ejectment by the mortgagee or his assigns against the mortgagor, or any one holding under him, or for the determination of the performance vel non of the condition of the mortgage, or for the hearing upon other matters pleadable under the statute (3851)—is not applicable where the mortgage has been foreclosed under the power of sale therein provided.—*Jackson v. Tribble,* 156 Ala. 482, 47 South. 310. Here the mortgage was foreclosed, by sale under the power to that end, thereby terminating the relation to which, alone, the cited statute has reference.

(3) There being no statutory change of the common-law rule applicable to the matter of defense sought to be availed of in this litigation, the defendants were properly denied any advantage therefrom. Except as provided by the statutes mentioned, no right existed, even before foreclosure under the power of sale, "to go behind the mortgage and attack its consideration."—*McKinnon v. Lessley,* 89 Ala. 625, 8 South. 9; *Lampley v. Knox,* 92 Ala. 625, 8 South. 822; *Mills v. Hudmon,* 175 Ala. 448, 452, 57 South. 739.

(4) The mere assignment of the mortgage to the persons named in the assignment, without apt words of conveyance of the real estate therein described, authorized its orderly foreclosure in accordance with the power of sale therein provided, and served to invest the purchaser with the title conveyed by the mortgage.—*Ward v. Ward,* 108 Ala. 278, 280, 19 South. 354.

There is no prejudicial error in the record. The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.