## COX et al. v. COX. (1 Div. 253.)

(Supreme Court of Alabama. Feb. 1, 1923.)

Ejectment ⏘26(1)—Defense of one in possession of land under verbal agreement held, equitable, and not available in action at law.

In an action of ejectment, where defendant offered evidence tending to show a verbal agreement with plaintiff, whereby defendant went into possession of the land in controversy and accepted it in full payment of services rendered for plaintiff, with the understanding plaintiff would deliver a deed to him, *held*, the jurisdiction of courts of law and in equity being separate, and defendant's defense being an equitable one, he could not assert it in an action at law, and hence the order excluding the proffered evidence and giving the affirmative charge was proper.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Action in ejectment by Margaret Cox against William Cox and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Edward J. Grove, Webb & Shepard, and Smiths, Young, Leigh & Johnston, all of Mobile, for appellants.

If defendant was in possession under a sale or contract of sale, he was rightfully in possession. Ejectment is a possessory action, and the burden is on the plaintiff to show, not only legal title, but right of pos-

session. 30 Ala. 211; 173 Ala. 511, 55 South. 1000; 194 Ala. 610, 69 South. 827; 98 Ala. 338, 13 South. 123; 190 Ala. 589, 67 South. 284; 48 Or. 54, 85 Pac. 67; 77 Miss. 710, 27 South. 630; 48 Fla. 102, 37 South. 564; 252 Ill. 222, 96 N. E. 902; 15 Ohio, 408. Defendants' evidence showed that he accepted the property in compensation for services, that he went into possession under agreement to so accept, and that he was in possession at the time of the trial. If this be true, defendants were in rightful possession, and plaintiff could not recover. Authorities supra.

Stevens, McCorvey, McLeod & Goode, of Mobile, for appellee.

A parol purchase of land, accompanied by payment of the purchase price and delivery of possession, will not defeat an action of ejectment brought against the purchaser by the holder of the legal title. 57 Ala. 195; 15 Ala. 622, 50 Am. Dec. 154; 13 Ala. 54, 48 Am. Dec. 41; 33 Ala. 96; 67 Ala. 125; 73 Ala. 226.

GARDNER, J. Statutory ejectment by appellee against appellant. It is not questioned that plaintiff made out a prima facie case for recovery, and the assignments of error relate to rulings of the court sustaining objections to evidence offered by defendant, and giving the affirmative charge in writing at plaintiff's request.

The defendant William Cox offered evidence tending to show that he went into the possession of the property in controversy under a bona fide contract between himself and the plaintiff, in which he (the defendant Cox) accepted the property in full payment of services rendered by him for the plaintiff, and with the understanding that plaintiff would execute and deliver a deed conveying the property to him. The alleged agreement was verbal. The court sustained the plaintiff's objection to this testimony, and we think correctly so.

The contention on the part of counsel for appellant is that, while this alleged contract was not sufficient to divest the plaintiff of the legal title, yet it was sufficient to show that defendant was in rightful possession at the time the suit was brought and at the time of the trial, and that it should therefore be admitted as a defense to this action. Counsel rely upon the statement in our decisions to the effect that a plaintiff in ejectment must not only show title, but also a right of possession at the commencement of the suit, citing Bush v. Fuller, 173 Ala. 511, 55 South. 1000; Cofer v. Schening, 98 Ala. 338, 13 South. 123; Williams v. Hartshorn, 30 Ala. 211; Roman v. Lentz, 194 Ala. 610, 69 South. 827; and Harris v. Hill, 190 Ala. 589, 67 South. 284. We have examined these authorities with care, but are persuaded

that they do not support the position of appellant's counsel in the instant case. The matters there rested for defense in the actions of ejectment were such matters as were recognized and enforceable in a court of law. A different question is here presented.

The defendant in the present suit offers an equitable title to defend the legal title shown by the plaintiff. In this state we have steadfastly maintained the separate and distinct jurisdictions of courts of law and of equity, and in numerous cases it has been held that such equitable defense will not prevail against the legal title. As said by this court in Kelly v. Hendricks, 57 Ala. 193:

"It is settled by former decisions that in an action of ejectment, or the corresponding real action prescribed by statute, a plaintiff showing a superior legal title must recover whatever may be the equities of the parties. The defendant may be the vendee of the plaintiff, in possession, holding the plaintiff's bond for title, on the payment of the purchase money, and may have fully paid it, entitling himself to a specific performance, yet the legal title * * * must prevail at law, and the defendant must resort to equity for relief."

Again, in Nickles v. Haskins, 15 Ala. 619, 50 Am. Dec. 154, is the following language, here pertinent:

"The bond, at most, could only invest the defendant with a mere equitable title, which a court of chancery would perfect, by enforcing a specific execution of the contract, and such title cannot be set up as a bar to a recovery in ejectment."

To like effect are the cases of Morgan v. Casey, 73 Ala. 222; Brewton v. Watson, 67 Ala. 121; Collins v. Robinson, 33 Ala. 91; Chapman v. Glassell, 13 Ala. 50, 48 Am. Dec. 41.

Appellant's counsel direct our attention to a number of cases in other jurisdictions which support their contention, among them, Coles v. Meskimen, 48 Or. 54, 85 Pac. 67, Daniels v. Smith, 252 Ill. 222, 96 N. E. 902, Bolton v. Roebuck, 77 Miss. 710, 27 South. 630, and Norris v. Billingsley, 48 Fla. 102, 37 South. 564, which we have read with interest. However, we consider the question well settled by former decisions of this court, and therefore a further consideration of these authorities from other states is unnecessary.

The only defense offered by the defendant was one purely of equitable cognizance, and the court committed no error in sustaining objections thereto and giving the affirmative charge at plaintiff's request.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.