20 So.2d 105

## MOORER v. TENSAW LAND & TIMBER CO.

### 1 Div. 222.

Supreme Court of Alabama.

Dec. 14, 1944.

Wm. G. Caffey, of Mobile, for appellant.

Gaillard & Gaillard, of Mobile, for appellee.

226

FOSTER, Justice.

This is an ejectment suit, and the right of plaintiff to recover depends upon a legal question. The plaintiff and defendant claim under Everett and Boykin. The plaintiff by quitclaim deed from Taylor, Lowenstein and Company, to whom Everett and Boykin had conveyed it, and defendant by a later deed from Everett and Boykin.

Contemporaneously with the execution of the deed by Everett and Boykin to Taylor, Lowenstein and Company, there was a separate agreement in writing executed by them both, whereby it was agreed that the deed was executed as security for any indebtedness then due or thereafter to become due by virtue of any notes, contracts or agreement then in effect between them; that upon payment of said indebtedness Taylor, Lowenstein and Company agreed to reconvey to Everett and Boykin the land, otherwise said deed to remain in full force and effect for the purpose so expressed. It also provided that until the deed and separate agreement should be foreclosed by reason of default Everett and Boykin were to remain in possession of the property with the right to operate same for timber and turpentine purposes.

There was no foreclosure by reason of a default: Everett and Boykin remained in possession, and defendant holds by deed under them, and the debt of Everett and Boykin to Taylor, Lowenstein and Company has not been shown to be in default, but no reconveyance has been made under the terms of the contract. The trial court sustained demurrer to pleas setting up its payment, but rendered judgment for defendant.

■ The deed without the defeasance was recorded, and plaintiff had no actual notice of it; but his deed was a quitclaim, and therefore he is not in the attitude of a bona fide purchaser. Batson v. Etheridge, 239 Ala. 535 (11), 195 So. 873.

The only question presented is whether the reservation of possession in the collateral agreement until a foreclosure, which has not occurred, is sufficient to defeat plaintiff in the right of recovery. Whether by the collateral agreement a mortgage was executed in such legal effect as that its full payment served to revest title in the mortgagor under the statute, and defeat an ejectment suit—section 181, Title 47; section 950, Title 7, Code of 1940—was eliminated by the court on appellant's contention by sustaining demurrers to the pleas. But that question is incidental to a treatment of the one directly involved.

■ It is well settled that two writings connected by reference one to the other, or simultaneously made, with respect to the same subject matter and proved to be parts of an entire transaction constitute but a single contract as if embodied in one instrument. Sewall v. Henry, 9 Ala. 24; Byrne v. Marshall, 44 Ala. 355; Collins v. Whigham, 58 Ala. 438; Drennen v. Satterfield, 119 Ala. 84, 24 So. 723; Weeden v. Asbury, 223 Ala. 687, 138 So. 267; Frasch v. City of Prichard, 224 Ala. 410, 140 So. 394; Albert v. Nixon, 229 Ala. 273, 156 So. 775.

When such situation exists, it does not require equity to declare that to be the result, but the one contract consisting of the two writings is so treated at law as well as in equity.

■ It is of course quite true that parol evidence is not admissible at law to show that a deed absolute on its face was intended to operate as a mortgage. Bragg v. Massie's Adm'r, 38 Ala. 89 (4), 79 Am. Dec. 82; Jones v. Trawick's Adm'r, 31 Ala. 253, 256; Ex parte St. Paul Fire & Marine Ins. Co., 236 Ala. 543, 184 So. 267, and cases cited in them.

■ A mortgage is sometimes said to be a conveyance by a debtor to a creditor of real or personal property, with a defeasance clause whereby the conveyance will be void and the debtor entitled to repossess the property if the debt is discharged by a day named. Mervine v. White, 50 Ala. 388; Sewall v. Henry, 9 Ala. 24.

It is wholly immaterial between the parties whether the defeasance clause is in-

corporated in the same instrument or in a separate instrument contemporaneously executed. 41 Corpus Juris 318, note 93; 41 Corpus Juris 610, section 578.

■ The defeasance clause may be in the form of an agreement for a reconveyance of the property to the grantor or for the revesting of title in him on paying the debt. 41 Corpus Juris 317.

■ Under section 181, Title 47, Code of 1940, though the legal title passes under a mortgage effective at law, a reconveyance is not necessary to revest the title in the mortgagor, upon its full payment.

Though this statute does not apply in a suit at law to an equitable mortgage, which is not operative as such at law, it does apply to any mortgage which is such at law.

■ A written instrument may be an equitable mortgage, either when there are no words of conveyance passing the legal title in praesenti (O'Neal v. Seixas, 85 Ala. 80, 4 So. 745), or when it makes a present conveyance without the mortgage features expressed in it, but only in a parol agreement. Cases heretofore cited.

■ We think that if they are expressed in a contemporaneous agreement in writing, such agreement, as between the parties and those who stand in their shoes, creates a mortgage at law. A mortgage effective at law passes the legal title to the mortgagee, who is entitled to the immediate possession of the land even before default, unless it is provided in it (or by separate instrument) that the possession shall remain in the mortgagor. Woodward v. Parsons, 59 Ala. 625; Trannon v. Towles, 200 Ala. 82, 75 So. 458; Cowart v. Aaron, 220 Ala. 35, 123 So. 229; Wilson v. Federal Land Bank, 230 Ala. 75, 159 So. 493; Mallory v. Agee, 226 Ala. 596, 147 So. 881, 88 A.L.R. 1107.

■ But if there is such a provision or one which means that in effect, it serves to defeat the right of the mortgagee to recover possession at law from the mortgagor, until the right to possession so stipulated has expired. Grandin v. Hurt, 80 Ala. 116; McMillan v. Otis, 74 Ala. 560; Brown v. Loeb, 177 Ala. 106(8), 58 So. 330. To recover possession of land in such a suit plaintiff must have the legal title and legal right to the immediate possession. Lomb v. Pioneer Savs. & L. Co., 106 Ala. 591, 17 So. 670.

In Cox v. Cox, 209 Ala. 75, 95 So. 275, the agreement by which defendant claimed the right to possession was verbal. It was held that this conferred only an equitable right not available at law. In that case defendant claimed to have gone into possession of the property under a verbal agreement with plaintiff, the owner, whereby defendant received it in full payment for services and with the understanding that plaintiff would convey the property to him by deed. The court held that this was not competent testimony because it presented an equitable title in defense of a legal title in plaintiff. The court cited cases holding that a vendor in a bond for title could recover possession of the vendee, though the latter had fully paid the purchase price. Doe ex dem. Nickles v. Haskins, 15 Ala. 619, 50 Am.Dec. 154; Kelly v. Hendricks, 57 Ala. 193; Chapman v. Glassell, 13 Ala. 50, 48 Am.Dec. 41. Compare those cases with Able v. Gunter, 174 Ala. 389, 57 So. 464; Forrester v. Granberry, 211 Ala. 402, 100 So. 551.

In none of those cases was there a stipulation in writing by which the purchaser under the bond for title was to hold possession.

■ It is well settled that a deed effective instanter may contain an effectual reservation of possession by the grantor for any definite period, extending to that of his life. Smith v. Davis, 199 Ala. 687, 75 So. 22. But any parol agreement to that effect is inoperative. Burroughs v. Pate, 166 Ala. 223, 51 So. 978; Wright v. Graves, 80 Ala. 416.

■ The stipulation in the collateral agreement being of equal force as though it had been incorporated in the deed, was expressly a reservation from the otherwise unconditional terms of the deed of a legal (not equitable) right in the grantor which thereby did not pass to the grantee. That right was the possession and use of the property for the period expiring with a foreclosure caused by a default. This has not occurred.

The second defense denied by the court, if proven, is equally as effective to prevent a recovery: that is, that the mortgage debt has been fully paid.

Since the trial court eliminated that as a defense but gave a judgment for defendant because there was a reservation of possession, and since the effect of such a reservation is available at law only if the

228

mortgage containing that clause is operative as such at law, it is argued that the trial court was not consistent in ruling that sections 181, Title 47, and section 950, Title 7, Code of 1940, did not apply, presumably by reason of a holding that the transaction created an equitable mortgage, because if the mortgage is only such in equity, the right to possession is likewise only an equitable right, and would not be a defense at law.

It is explained in brief that two of the circuit judges made rulings in the case and did not agree on the law.

 We accept the view that if the deed and collateral contract create an equitable mortgage only, sections 181, Title 47, and 950, Title 7, Code of 1940, would not apply. If an instrument at law is a deed merely, but the facts authorize a court of equity only to declare it a mortgage, the aspect of it as a mortgage has no effect at law and the repayment of the debt would not revest the title available at law. So that if the legal title does not revest under that statute by a payment of the mortgage debt, it is because its status as a mortgage is only available in equity.

 That statute does apply to any transaction which creates a mortgage effective as such at law. And when it applies, and the debt is paid, the title revests in the mortgagor, and it is a legal title which will prevent a recovery by plaintiff at law as well as in equity based on the mortgage title. Lampley v. Knox, 92 Ala. 625, 8 So. 822; Lomb v. Pioneer Savs. & L. Co., 106 Ala. 591, 17 So. 670; Davis v. Anderson, 163 Ala. 385, 50 So. 1002; Crutchfield v. Vogel, 233 Ala. 306, 171 So. 889; Brown v. Loeb, 177 Ala. 106, 58 So. 330; Fiscus v. Young, 243 Ala. 39, 8 So. 2d 514; Metropolitan Life Ins. Co. v. Estes, 228 Ala. 582, 155 So. 79; and may be proven on a plea of not guilty, section 941, Title 7, Code of 1940; Bush v. Thomas, 172 Ala. 77, 55 So. 622; Fiscus v. Young, supra.

 But the payment of the debt to have that effect on a plea of not guilty does not include other defenses to that debt, such as usury, set-off, want or failure of consideration, and the like. Ramsey v. Sibert, 192 Ala. 176, 68 So. 349; Lampley v. Knox, 92 Ala. 625, 8 So. 822. Where such claim is made, the provisions of section 950, Title 7, Code, must be observed.

The special pleas to which demurrer was sustained were authorized by that statute.

 As we have heretofore shown, the controlling elements of a mortgage at law are (1) a conveyance of the legal title, and (2) at the same time it is stipulated in writing to be given as security for a debt or the performance of some other act for which the grantor is or thereby becomes personally liable. There is here shown a mortgage in its true sense whether at law or in equity, to which the statutes (section 181, Title 47, and section 950, Title 7, supra), have full application, and in which the grantor effectually reserved possession for a period which has not expired.

The court was correct in rendering judgment for defendant.

Affirmed.

GARDNER, C. J., and THOMAS and STAKELY, JJ., concur.