# Elmore v. The State.

### *Indictment for Assault with Intent to Murder.*

1. *Assault with intent to murder; evidence of previous difficulty.*— Where, on a prosecution for an assault with intent to murder, it is shown that the defendant participated as accessory, evidence that the assault grew out of a difficulty immediately preceding between the principal and another, which prior difficulty took place in the presence of the party assaulted, is admissible.

2. *Same; same.*—Where, on a prosecution for an assault with intent to murder, it is shown that the assault grew out of a difficulty immediately preceding between the principal and another, which took place in the presence of the assaulted party, an objection by the defendant to the giving in evidence an account of the previous difficulty on the ground that it was between other parties, and which does not specify any particular details of the first difficulty as objectionable and inadmissible, is properly overruled; since the fact that there was a previous difficulty from which the assault emanated is admissible, and if any of the details of the prior difficulty were inadmissible they should have been specified. Especially is such evidence admissible when the defendant has himself put in evidence some of the details of the previous difficulty.

3. *Conspiracy and proof thereof; liability for acts and conduct of each conspirator.*— Where, by pre-arrangement or on the spur of the moment, two or more persons enter upon a common enterprise or adventure, which contemplates the commission of a criminal offense, and their purpose is carried out, each is guilty of the offense committed, though he may have done no overt act in its commission; and it is not necessary to establish this pre-arrangement or community of purpose by positive testimony, but it may be established by circumstantial evidence, and it is for the jury to determine from the conduct of the parties and all the evidence in each particular case, whether it existed and the extent of it.

4. *Same; charge to the jury.*—On a prosecution for an assault with intent to murder, where there is evidence that the defendant was an accessory, it is error to instruct the jury that if the defendant "was present, encouraging, aiding or abetting the principal, or ready to do so, he would be equally guilty with" the principal; since he might have been present ready to aid or abet, without having done so, and without having formed any conspiracy with the principal to do so.

5. *Good character; charge to the jury.*—On a prosecution for a criminal offense, an instruction to the jury "that the fact that a man's character is not talked about is the best evidence that he has a good character," is erroneous and properly refused.

APPEAL from the City Court of Montgomery.

[Elmore v. The State.]

Tried before the Hon. W. S. THORINGTON.

The appellant was indicted, tried and convicted under an indictment charging him with assault with intent to murder one Robert Comer, and sentenced to the penitentiary for two years.

On the trial of the cause, as is shown by the bill of exceptions, the State introduced as a witness, Robert Comer, the person upon whom the assault was alleged to have been committed, who testified that on the day the difficulty occurred. he, with Ike Thornton, one Charlie Bell and other persons, was in a store owned by one Walker; that Ike Thornton and Charlie Bell got into a fuss, and Ike Thornton drew his knife and cut Bell; that Bell walked out of the store upon the side walk, and Lem Elmore, the defendant, came up and asked Bell about the cutting, and Bell told him who did it and the circumstances. The defendant's counsel then objected to this evidence, and moved to exclude it from the jury, on the grounds that it was evidence of a difficulty between Ike Thornton and Charlie Bell; that the defendant and Robert Comer had no connection with the difficulty; and that the testimony was illegal and irrelevant. The court overruled the motion to exclude the evidence, and to this ruling the defendant duly excepted. This witness further testified that the defendant took out his handkerchief and tied up Charlie Bell's wound, and that then Bell came back into the store and sat down near the witness and Ike Thornton; that in a few moments Ike Thornton began to apologize to Bell. The defendant again moved the court to exclude this testimony as to the difficulty between Ike Thornton and Charlie Bell, upon the grounds as stated above, and duly excepted to the court's overruling his motion. Thereupon the witness further testified that while Ike Thornton was apologizing to Bell, the defendant, Lem Elmore, came into the store with a brick in each hand, said to Bell, using an oath, "go on and do as I told you;" that thereupon Bell walked behind the counter in the store, took a pistol out of the drawer and shot Ike Thornton, and that upon defendant telling him to shoot Comer, the defendant then shot Comer. Other witnesses for the State testified to substantially the same facts, except that they testified that defendant came to a window of the store and told Bell to do the shooting.

The testimony for the defendant tended to show that he did not go into the store at the time of either of the difficulties, and did not tell Bell to shoot either Comer or Ike Thornton. The defendant also introduced evidence as to his good character.

Upon the introduction of all the evidence, the court, at the request of the solicitor, gave to the jury the following written charges : (1.) "When, by pre-arrangement or on the spur of the moment, two or more persons enter upon a common enterprise or adventure, which contemplates the commission of a criminal offense, and their purpose is carried out, each is equally guilty of the offense committed, though he may have done no overt act in its commission, and this pre-arrangement may be established by circumstantial evidence." (2.) "It is not necessary that community of purpose should be proven by positive testimony, but it is for the jury to determine from the conduct of the parties, and all the evidence in the case whether it existed." (3.) "If Chas Bell committed an assault with the intent to murder on Robert Comer at the time and place charged, and Lem Elmore was present encouraging, aiding or abetting him, or ready to do so, he would be equally guilty with the said Chas. Bell." The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give the following charge requested by him : "The court charges the jury that the fact that a man's character is not talked about is the best evidence that he has a good character."

HILL & THORINGTON, for appellant.—1. The evidence as to the former difficulty, out of which the assault grew, and the details of such difficulty were not admissible.—*Saylor v. Com.*, 30 S. W. Rep. 390 ; *State v. Clayton*, 13 S. W. Rep. 819 ; *Joyce v. Com.*, 78 Va. 287 ; *Whilden v. State*, 71 Amer. Dec. 181 ; *Gray v. State*, 63 Ala. 66 ; *McAnally v. State*, 74 Ala. 9.

2. Charge No. 3 given for the State is erroneous, as it is incomplete and submits a question of law to the jury, and fails to set out the constituents of an assault with intent to murder.—*Miller v. State*, 107 Ala. 40. And further because it ignores the question of Elmore entertaining the criminal intent and malice, or his knowledge that Bell, whom he is charged as encour-

aging, aiding or abetting, entertained the criminal intent and malice.—*Tanner v. State*, 92 Ala. 7; *State v. Hildreth*, 57 Amer. Dec. 369; *Pierson v. State*, 99 Ala. 148; *Hooks v. State*, 99 Ala. 168; *Heath v. State*, 99 Ala. 180; *Rhea v. State*, 100 Ala. 119; *Harris v. State*, 100 Ala. 130; *Carr v. State*, 104 Ala. 4; *Shields v. State*, 104 Ala. 35.

3. Charge No. 1 requested by the defendant states the law correctly, and should have been given.—*Hussey v. State*, 87 Ala. 121.

WILLIAM C. FITTS, Attorney-General, for the State.—
1. The second difficulty in which the assault was committed emanated from the first difficulty; and evidence in reference thereto was admissible.—Wharton Crim. Evidence, (9th ed ), § 263; *Johnson v. State*, 102 Ala. 1; *Garrett v. State*, 76 Ala. 21; 21 Amer. & Eng. Encyc. of Law, 99.

2. The three charges asked by the State merely stated old and acknowledged axioms of the law of conspiracy. For the first of these charges see *Tanner v. State*, 92 Ala. 1. For the second one see *Martin v. State*, 89 Ala. 115; *Gibson v. State*, 89 Ala. 121. For the third see *Jolly v. State*, 94 Ala. 19.

3. The charge asked by the defendant, attempting to give special prominence to the evidence touching his good character, was rightly refused.—*Grant v. State*, 97 Ala. 35; *Goldsmith v. State*, 105 Ala. 8; *Scott v. State*, 105 Ala. 57; *Webb v. State*, 106 Ala. 52; *Johnson v. State*, 105 Ala. 113.

HARALSON, J.—The assault made on Robert Comer in which it is alleged defendant participated and is guilty, emanated from a difficulty immediately preceding, between other parties, in which one of them, Charlie Bell, was stabbed by the other, Ike Thornton, the said Comer and others being present. The defendant manifested sympathy for Bell and encouraged him, as is alleged and as the evidence tends to show, to shoot Thornton and said Comer, the latter difficulty following within a few minutes after the first. An account of this first difficulty between Thornton and Bell was allowed to go in evidence, against the objections of defendant. In this there was no error, under the objections as interposed. The objections to the evidence were general, and

did not specify the particular details of the first difficulty to which objections were raised. The fact that there was a previous difficulty, out of which the second one grew, was admissible, and if any of the details of it as offered were inadmissible, they should have been specified. Besides, it appears that defendant asked Charles Bell about his being cut in the difficulty which had just occurred, and Bell told him who did it and the circumstances. What details the defendant called for, he could not object to,—and the court was not bound to select this from other facts, if any, which were subject to objection, on the mere general objections of defendant to the whole evidence.

The charges 1 and 2 requested and given for the State have been so repeatedly approved, it is unnecessary to review them.—*Martin v. The State*, 89 Ala. 115 ; *Gibson r. The State,* Ib. 121 ; *Tanner v. The State*, 92 Ala. 1 ; *Jolly r. The State*, 94 Ala. 19.

Charge No. 3 given for the State was, however, an improper instruction. It hypothesizes, that if defendant was present and ready to encourage, aid or abet Charles Bell to make the assault on Robert Comer, with intent to murder him, he would be equally guilty with said Bell. He might have been present, ready to do this, without having done it, and without having formed any conspiracy with Bell to do it.

The charge asked by defendant was properly refused. It was abstract. There was no evidence that defendant's character was not talked about; and, besides, if there had been such evidence, there is no such rule of law as that invoked.

For the error in giving the 3d charge for the State, the judgment and sentence of the city court are reversed and the cause remanded.

Reversed and remanded.