# Buford *v.* The State.

*Indictment for Assault with Intent to Murder.*

(Decided February 13th, 1902.)

1. *Assault with intent to murder; aiding and abetting; when general affirmative charge for defendant improper.*—On a trial for assault with intent to murder, where there was evidence for the State tending to show that, although the defendant did not himself commit the assault, he came to the place where the assault occurred in company with one L., and that the assault was committed with a pistol by said L., and that defendant had "something in his hand which the State's witness took to be a pistol," but that he did not shoot, himself, but got behind a tree as soon as the shooting began and remained there until it was over and then went off with L., the general affirmative charge for defendant was properly refused, as it was for the jury to say whether the defendant was there for the purpose of aiding or abetting in the shooting.

2. *Same; aiding and abetting in assault; conspiracy.*—To fix criminal responsibility on one charged with assault to murder, it was not necessary for him to have conspired to com-

[Buford v. The State.]

mit the offense before coming to the place of its commission, and also to have actually aided in its commission.

APPEAL from Pike Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

The appellant, Joe Buford, was jointly indicted with Dock Legrand and two others for assault with intent to murder one Knowles. The appellant moved for aseverance, which was granted. Upon his trial Knowles testified that shortly after he had had a fuss with the wife of Legrand, Legrand, in company with the defendant and two others, came to the place where Knowles was, and that the assault was there committed by Legrand with a pistol, and that witness "saw something in Joe Buford's hand that he took to be a pistol or some other weapon," but that he would not swear positively that defendant had a weapon of any kind; that defendant got behind a tree as soon as the shooting began and remained there until it was over and then went off with Legrand; that defendant did not shoot himself or take any part in the conversation between the witness and Legrand.

The evidence for the defendant tended to show that there was no agreement, understanding or conspiracy between him and Legrand for shooting said Knowles, and that the defendant did not have a weapon of any kind.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the refusal of each, viz.: (1.) "If the jury believe the evidence in the case beyond a reasonable doubt, you will find the defendant not guilty." (2.) "The court charges the jury that before you can convict the defendant you must believe from the evidence in the case, beyond a reasonable doubt, and to a moral certainty, that the defendant, Joe Buford, had conspired with the defendant, Dock Legrand, to commit the assault, and that he went with Dock Legrand to the scene of the trouble for the purpose of aiding, encouraging and abetting him in the commission of the assault, and that he was there ready and willing to aid, encourage and abet said Dock Legrand in the commission of the assault at the time the assault was committed."

[Buford v. The State.]

The defendant was convicted and sentenced to the penitentiary for ten years. From this judgment this appeal is prosecuted.

E. R. BRANNEN, for appellant, cited *Elmore v. State,* 110 Ala. 67; *Tally's case,* 102 Ala. 25, 67; *Jolly's case,* 94 Ala. 23.

CHARLES G. BROWN, Attorney-General, *contra,* cited *Amos v. State,* 83 Ala. 1; *Raiford v. State,* 59 Ala. 106; *Martin v. State,* 89 Ala. 15; *Tanner v. State,* 92 Ala. 1; *State v. Tally,* 102 Ala. 63; *Liner v. State,* 124 Ala. 1; *Browder v. State,* 102 Ala. 164.

SHARPE, J.—In the record there is evidence sufficient at least to afford an inference that defendant went to the place where LeGrand shot at Knowles and was there present at the shooting for the purpose of aiding or by his presence encouraging LeGrand to attack Knowles. To determine whether such was the true inference was for the jury and for the court to have given the general affirmative charge requested by the defendant would have been an invasion of the jury's province.

Charge 2 was properly refused. To fix criminal responsibility on defendant it was not necessary for the jury to find both that he conspired to commit the offense before coming to the place of its commission, and that he actually aided LeGrand in committing it as is assumed in that charge.—*Amos v. State,* 83 Ala. 1; *Raiford v. State,* 59 Ala. 106.

Affirmed.