[Eaton v. The State.]

# Eaton v. The State.

## Manslaughter.

(Decided June 17, 1913. Rehearing denied July 8, 1913.
63 Ala. 41.)

1. *Homicide; Instruction.*—Where the indictment alleged that the killing was done with a pistol, a charge directing an acquittal unless the proof showed that the killing was done with a pistol, was properly refused, since, under the evidence it was for the jury to say whether the bullet wounds described by the witness were produced by shots from a pistol or some other weapon. The charge was improper, in any event, for although the killing was not done with a pistol, defendant could have been convicted under the indictment for a felonious assault.

2. *Same; Aiding and Abetting.*—One who is present at the commission of a homicide in pursuance of a common enterprise or adventure, having in contemplation of the commission of the offense charged, to render assistance if necessary, or to support or encourage by his acts, words, or presence, the acts and doings of the perpetrator, is an aider or abettor.

3. *Same.*—A charge asserting that if one assists or encourages another by his presence consciously, knowingly, purposely, knowing that the other understands that he is there as an encourager, such one is an accomplice, though he does not lift a hand, is a reasonably correct statement of the law on that subject.

4. *Same; Evidence; Subsequent Action of Defendant.*—The movements and conduct of defendant shortly after the commission of the homicide are circumstances properly admitted in evidence.

5. *Same; Conspiracy; Evidence.*—The evidence examined and held sufficient to show a conspiracy between defendant and his co-defendant to commit the offense.

6. *Charge of Court; Undue Prominence.*—If a charge gives undue prominence to a particular portion of the evidence, it is properly refused, although it asserts a correct principle of law.

7. *Same; Illegible Request.*—A charge is properly refused when carelessly written or scrawled in pencil upon a leaf torn from a stenographer's book and containing numerous awkward and rough erasures, rendering it illegible.

8. *Same; Non-Conformity to Issues.*—Where a defendant's guilt did not depend solely on the theory of a conspiracy, but under the evidence the defendant might have been guilty as an aider or abettor, a charge requiring an acquittal unless a conspiracy was shown, was properly refused.

9. *Evidence; Opinion.*—Whether or not a defendant was innocent of the killing was a question to be determined by the jury, and hence,

[Eaton v. The State.]

a witness may not be asked if the defendant was not innocent of the murder so far as he knew.

10. *Witnesses; Cross-Examination of Defendant.*—The range and extent of cross-examination is largely in the discretion of the trial court, and hence, it was not error to permit, the solicitor on cross-examination of defendant to ask defendant to explain, if he could, the inconsistency of certain of his statements with certain physical facts shown in the evidence.

11. *Conspiracy; Evidence; Instructions.*—Where a defendant was jointly indicted with others, but separately tried for the homicide and one theory of the prosecution was that defendant conspired with his co-defendant, an instruction not to consider the evidence that one co-defendant had given to another co-defendant a box of cartridges shortly before the killing, unless the evidence showed there was a conspiracy prior in point of time between defendant and his co-defendant, was improper, as it would obscure consideration of other parts of the evidence bearing on the conspiracy.

12. *Same; Intent to Commit Particular Crime.*—Where one enters into an arrangement with another to unlawfully and with force open up a disputed section of a road and a killing was a proximate result of this unlawful adventure, it was sufficient as showing a conspiracy to commit the homicide, it not being necessary that there be a pre-arrangement to do the particular wrongful act committed to show a conspiracy.

13. *Same; Previous Acts.*—Where one enters a conspiracy to do an unlawful act, he becomes a party to every act which has previously been done by his co-conspirators in furtherance of the common design.

14. *Same; Evidence.*—It is not necessary in order to show a conspiracy to show its existence for any definite length of time prior to the unlawful act, as it may have arisen on the spur of the moment; it is not necessary that the conspiracy be shown by parts of the evidence as it may be inferred from the circumstances surrounding the act.

APPEAL from Anniston City Court.

Heard before HON. THOMAS W. COLEMAN, JR.

John Eaton was convicted of manslaughter, and he appeals. Affirmed.

Charge 15 is as follows: "Unless you believe from the evidence that a conspiracy to assault Sarge or Shelt Kennedy had been formed between John Pearce prior to the time the box of cartridges was given Dyer by Pearce, then you cannot consider the evidence as to Pearce giving Dyer the cartridges."

"Charge 13. If the defendant did nothing more than be present at the difficulty and have a gun with him, then your verdict should be for the defendant."

The oral charge set out in the bill of exceptions is as follows: "Now, if a man assists another or encourages another by his presence—that is, if he does it consciously, knowingly, purposely, with the knowledge that the other fellow understands that he is there as an encourager—why, under these circumstances he is an accomplice, and he is responsible for what the other party does, although he does not lift a hand."

KNOX, ACKER, DIXON & STERNE, TATE & ARNOLD, and BLACKMON, MERRILL & WALKER, for appellant. The court should have charged that the most significant acts of his codefendant were only evidence against defendant on the contingency that at the time the act was done Eaton was a party to a conspiracy against the Kennedys.—12 Cyc. 445; *State v. Moore,* 28 Pac 468; *Crook v. State,* 11 S. W. 444; *Luttrell v. State,* 21 S. W. 248; Jones on Evid. sec. 254; *Langford v. State,* 130 Ala. 74; *J. Van Smith v. State,* 62 South. The court should have given the charge directing an acquittal if the killing was not done with a pistol, as it was so charged in the indictment. The court was in error in not permitting the defendant to ask the witness Dyer if defendant was not as innocent as the witness so far as witness knew.— *Garner v. State,* 4 Ala. App. 155; *Snell v. Roach,* 150 Ala. 469; *Yarbrough v. State,* 115 Ala. 92; *Davis v. Hayes,* 89 Ala. 563; *Clark v. Zeigler,* 85 Ala. 154. Counsel discuss other charges given and refused, and other exceptions to evidence, but without further citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Co-conspir-

ators are liable each for the acts of the other.—Wharton on Crim. Law, 11th Ed, p. 1830, sec 1672; *Smith v. State,* 52 Ala. 407; *Jackson v. State,* 54 Ala. 234; *Wil-. lia.. s v. State,* 81 Ala. 1; *Amos v. State,* 83 Ala. 1; *Pierson v. State,* 99 Ala. 148; *Ex parte Bonner v. State,* 100 Ala. 114; *Hicks v. State,* 123 Ala. 15; *Thomas v. State,* 130 Ala. 62; *Davis v. State,* 131 Ala. 17; *Buford v. State,* 132 Ala. 6; *Boswell v. State,* 1 Ala. App. 178; *McElroy v. State,* 120 Ala. 274. It is not necessary to show a complicity of each defendant in the preliminary stage of the offense.—Wharton Crim. Law, sec. 1666. An entry into a conspiracy after its formation, and before its execution, renders the entrant a conspirator, and liable for all the natural results of the conspiracy, and is held to ratify the previous conduct of his co-consp'rators whose acts and declarations are admissible against him.— *Coker v. State,* 80 Wis. 416; 12 Cyc 438; *State v. Crabb,* 121 Mo. 554; *Commonwealth v. Rodgers,* 181 Mass. 184; 21 Gratt. 871; 16 Lea. 1; 42 Tex. Crim. App. 154. Under these authorities, it must be held that the court was not in error in its rulings on the evidence, or on the requested charges.

PELHAM, J.—Many of the questions presented on this appeal are determined in the companion case of *Fowler v. State, Infra,* 63 South. 40. The defendant in that case is a codefendant, jointly indicted with appellant, but separately tried and convicted at the same term of the city court, the appeals in both cases being submitted here at the same time.—See *Fowler v. State, Infra.* See, also, *Kennedy v. State* (Sup.) 62 South. 49, present term, a case involving the same tragedy, and in which the defendant was also a codefendant, jointly indicted with the appellant in this case.

Charge 15 singles out a part of the evidence for special consideration of the jury, and to give the charge would be to gratuitously accentuate that certain part or phase of the evidence. No duty rests upon the court to do this, and it cannot be put in error for refusing an instruction chargeable with such an infirmity.—*Hosey v. State*, 5 Ala. App. 1, 59 South. 549; *L. & N. R. R. Co. v. Price*, 159 Ala. 213, 48 South. 814.

It is proper to refuse a requested instruction, though it asserts a correct principle of law, if it gives undue prominence to a certain part of the evidence.—*Hanchey v. Brunson*, 175 Ala. 236, 56 South. 971.

The original charge, which is attached to the transcript as being certified to this court for inspection, and which was refused by the trial court because "illegible," is certainly subject to that criticism. It is very carelessly written, or scrawled, in pencil upon a leaf taken from a stenographers' notebook (or like paper), and contains numerous awkward and rough erasures, interlineations, and scratches. The chirography thus displayed to us in this condition in the original charge has been found to be beyond the ability of the members of this court to decipher, after careful scrutiny and critical examination, without the aid of the typewritten translation furnished to us, that was not before the judge of the primary court. A judge is not called upon to delay a trial in an endeavor to unravel the difficulties of deciphering unintelligible terms or writing in a charge, but may, as the trial judge did in this case, refuse it as illegible, without being put in error.

It would not have been proper for the court to give the defendant the general charge on the second count of the indictment, averring the killing to have been done by shooting with a pistol, as it was for the jury to say, under the evidence in this case, whether the bul-

let wounds testified to by the physician and other witnesses were produced by shots fired from a pistol or some other firearm.

Besides, although it be conceded that the deceased did not die from a wound inflicted by a shot from a pistol, still the defendant would not be entitled to a charge directing an acquittal; he might even in that case have been convicted on that count of a felonious assault.—*Talley v. State*, 174 Ala. 101, 57 South. 445.

The court properly refused the requested instructions assuming that the defendant could not be found guilty as an aider or abettor.—*Talley v. State*, 174 Ala. 101, 57 South. 445. The evidence showed that the defendant was present at the time of the commission of the offense; there was evidence affording an inference that he was present, in pursuance of a common enterprise or adventure, having in contemplation the commission of the offense charged, to render assistance, if necessary, or support or encourage by his acts, words, or *presence* the actual perpetrator, and, if so, he was an aider or abettor.—*Jones v. State*, 174 Ala. 53, 57 South. 31.

That part of the oral charge of the court, set out in the bill of exceptions, to which an exception was reserved is a fair and reasonably correct exposition of the law on the proposition treated. If it is subject to any criticism, it would be due to the fact that it is even more favorable to the defendant than he was entitled to have charged under the applicable rule of law.—*Jones v. State, supra; Pearce v. State*, 4 Ala. App. 33, 58 South. 996.

From what we have said, and from an examination of the authorities cited in support thereof, it will be seen that the court was free from error in refusing charge No. 13.

There was no error in permitting the solicitor to show by the witness Dyer that the defendant and others with h'm proceeded on their journey after the killing. The movements of the defendant shortly before and after the commission of the crime are circumstances admissible in evidence.—*Dupree v. State,* 148 Ala. 620, 42 South. 1004. See, also, 6 Mayfield's Dig. p. 353, § 31, subd. 371.

The question asked the witness Dyer by the defendant as to the defendant's being innocent of the crime so far as he knew referred to the witness the determination of the guilt or innocence of the defendant, and this was the question at issue, which it was the province of the jury alone to determine.

It was not improper for the court to permit the solicitor to call upon the defendant when under cross-examination to explain, if he could, the inconsistency of certain statements made by him with certain physical facts shown by the evidence. The range and extent of cross-examination, as has often been said, is always a matter largely within the discretion of the court, and we do not think the court permitted the solicitor to exceed the legitimate right to cross-examine the defendant in this particular, under the latitude allowed by the rules of law. Matters testing the accuracy of a witness' statement are legitimate subjects of inquiry upon cross-examination (*Davis v. Anderson,* 163 Ala. 385, 50 South. 1002), and when a defendant has offered himself as a witness in h's own behalf, it is not improper to ask him a question on cross-examination seeking an explanation. —*Harrell v. State,* 166 Ala. 14, 52 South. 345.

We have discussed the questions presented by brief in their order of presentation, and have examined the record as to all other matters. We find nothing requir-

irg a reversal of the judgment of the lower court, and an affirmance will be ordered.

Affirmed.

## ON APPLICATION FOR REHEARING.

Counsel for defendant in an application for rehearing insist, with what seems to us some degree of force ard plausibility, that charge 15 is not subject to the criticism made of it. The contention is that the vice of a charge that is condemned for singling out detached portions of the evidence consists in giving undue prominence to a part of the evidence for the consideration of the jury, the charge thus having a tendency to cause the jury to give undue weight to the evidence singled out. Our attention is called to the fact that charge 15 does not single out a detached portion of the evidence for the *consideration* of the jury to which they might give undue we'ght, but that the charge is hypothesized upon an *exclusion* from consideration, or giving any weight, upon the hypothesis stated, to that certain portion of the evidence singled out.

The charge does purpose to instruct as to the effect of only a part of the evidence introduced to show conspiracy, and would have tended to obscure and divert consideration from other parts of the evidence bearing on the same subject, and is faulty in this respect.—*Ferguson v. State,* 141 Ala. 20, 28, 37 South. 448; *Grant v. State,* 97 Ala. 35, 11 South. 915.

But however that may be, the trial court cannot be put in error for having refused the charge under the facts in this case. The defendant's guilt did not depend solely on proof of the theory of a conspiracy. As said in the opinion rendered, "the evidence showed that the defendant was present at the time of the commission of

the offense; there was evidence affording an inference that he was present in pursuance of a common enterprise or adventure, having in contemplation the commission of the offense charged, to render assistance if necessary, or support or encourage by his acts, words, or *presence* the actual perpetrator; and, if so, he was an aider or abettor." There was also evidence going to show that the defendant was working for John Pearce, engaged in hauling lumber, that there was trouble brewing between Pearce and Shelt or Sarge Kennedy over the right to use a certain road for this purpose, and that the defendant knew this, and was aware of the fact that the road had been barricaded, and went on the morning of the fatal difficulty, along with John Pearce, John Fowler, Cross Pearce, Leon Dyer, and others, for the avowed purpose of clearing out the road. That their mission was not altogether for a lawful purpose with a peaceful bent of mind might be gathered from the circumstances attending their going, and from the further fact, shown by the evidence, that John Pearce carried a pistol and Winchester rifle, John Fowler a rifle, or "army gun," Cross Pearce a double-barreled shotgun, and the defendant a single-barreled shotgun. The incident testified to about the cartridges being given to Dyer by Pearce to be handed to Fowler took place only a few minutes before these identical parties (together with the defendant and others) gathered together at Pearce's sawmill and went forth heavily armed, in a body, to clear the obstruction from the road, about a quarter of a mile distant, where the difficulty arose and the killing took place over removing the barricade. The defendant did not deny going to the place of the killing with these parties and carrying the shotgun, and being present throughout the bloody affray, but claimed to have put aside the gun after arriving

[Eaton v. The State.]

there, and not to have participated in or in any way encouraged the killing by word or act. Clearly, under this phase of the evidence, it was open for the jury to infer that the defendant was an accomplice, an encouraager, present for the purpose of aiding and abetting in the commission of the crime; and the incident testified to about the cartridges is so intimately connected with the whole transaction showing the general design and purpose of the participants to do some unlawful act, resulting in the killing of Kennedy as a part of the common purpose, that the jury might properly look to it in that connection without regard to whether the jury believed a conspiracy prior in point of time, having in view the particular purpose to *assault* Sarge or Shelt Kennedy, had been formed between the defendant and Pearce.

As a charge on the question of conspiracy, it improperly asserted that to establish a conspiracy it was necessary to show prearrangement to do the particular wrongful act which was committed. It was enough to warrant the consideration by the jury of the evidence mentioned if they found, from other evidence in the case, that Pearce and the defendant entered into a common illegal purpose or enterprise, of which the subsequent assault was a consequence or proximate result, though the particular wrongful act was not contemplated at the time the unlawful common design was formed. —*Jones v. State*, 174 Ala. 53, 57 South. 31; *Green v. State*, 97 Ala. 59, 12 South. 416, 15 South. 242. There was evidence tending to prove that the defendant knew of and cooperated in Pearce's purpose with force and arms to carry his teams over the disputed section of the road, and that the subsequent killing was a result of this common purpose. This was enough though the participants in the unlawful venture did not, when it

was entered upon, have the specific purpose to "assault Shelt or Sarge Kennedy."

Certain tendencies of the evidence being such as to justify the jury in finding that the defendant was present and participated in the commission of the crime, acting in a common purpose to that end, together with John Pearce, John Fowler, and others, the incident testified to about the cartridges happening a few minutes · before the killing could be considered in connection with and as shedding light on the defendant's actual presence and conduct as a participator or aider or abettor in the crime jointly with these persons, as well as in connection with a prior conspiracy formed with Pearce, and the charge in question erroneously excludes the evidence mentioned from the consideration of the jury on that proposition, as well as being erroneous in limiting the prearrangement or conspiracy to doing the particular wrongful act committed.

The charge is further faulty, and might well have been refused because of its failure to hypothesize that the defendant did not subsequently ratify the act of Pearce, or the other conspirators, by afterwards entering into the conspiracy. It is not questioned by appellant's counsel that it is a correct rule of law that when one enters a conspiracy to do an unlawful act he becomes a party to every act which has been previously done by his co-conspirators in furtherance of the common design. The contention is that there is no evidence to support a finding showing a subsequent conspiracy between the parties. In this appellant is not borne out by the evidence set out in the bill of exceptions. There was evidence of this character, as may be seen from what we have heretofore said in discussing the evidence. "To show a conspiracy to do an unlawful act it is not indispensable that the evidence should show

[Davis v. The State.]

the existence of the conspiracy any definite time prior to the doing of the act. It may have arisen on the spur of the moment.

Nor is it necessary that the conspiracy or common purpose should be shown by positive evidence, but its existence may be inferred from all the attendant circumstances accompanying the doing of the act, and from conduct of the defendant subsequent to the criminal act.—*Tanner's Case*, 92 Ala. 1, 9 South. 613; *William's Case*, 81 Ala. 4, 1 South. 179, 60 Am. Rep. 133; *Martin's Case*, 89 Ala. 115, 8 South. 23, 18 Am. St. Rep. 91. *Gibson's Case*, 89 Ala. 121, 8 South. 98, 18 Am. St. Rep. 96; *Elmore's Case*, 110 Ala. 63, 20 South. 323; *Evan's Case*, 109 Ala. 13, 19 South. 535; *Johnson's Case*, 29 Ala. 62, 65 Am. Dec. 383; *Scott's Case*, 30 Ala. 503; *Buford's Case*, 132 Ala. 6, 31 South. 714; *Morris v. State*, 146 Ala. 66, 92, 41 South. 274.

The application for rehearing is denied.