# Bailey *v.* The State.

### *Murder.*

(Decided May 19, 1914.   65 South. 422.)

1. *Homicide; Evidence; Attendant Circumstances.*—Where the evidence showed that the difficulty between accused and deceased was one continuous transaction from the time the dispute arose, near the church, until the fatal encounter in a public road a short time thereafterward, evidence of the particulars of the difficulty at the church was properly admitted.

2. *Same.*—Where it appeared that defendant and his family were in his house when deceased used highly insulting, threatening and obscene language near the house just prior to the killing, evidence of that fact was erroneously excluded, since it was of the res gestæ of the transaction, and tended to afford some explanation of the conduct of the parties.

3. *Same; Nature of Wounds.*—Although the indictment charged that deceased was shot with a pistol, yet where there was evidence that defendant and others were together, and that the others participated by firing guns, the defendant shooting with a pistol, first, a physician was properly permitted to testify as to the nature of the wounds on the body of deceased, whether gun shot or pistol wounds; it being for the jury to determine whether the wounds testified to were produced by a shot from a pistol or other firearms.

4. *Same; Instructions; Self-Defense.*—Charge 3 refused to defendant examined and held good because of the use of the words "honestly believed" for the word "'suppose" as used in charges formerly condemned because of the use of such word.

5. *Same.*—Charge 12 examined and held to state a clear proposition of law, and not to have been covered by any of the given charges, and therefore to have been erroneously refused.

6. *Same.*—Charge 11 examined and held to pretermit the requirement of the duty to retreat; and hence, to have been properly refused.

[Bailey v. The State.]

7. *Conspiracy; Evidence; Weight and Sufficiency.*—In showing a conspiracy it is not essential that the evidence disclose its existence at any definite time prior to the doing of the act, and it need not be shown by positive testimony, since it may have arisen on the spur of the moment, and its existence may be inferred from the attendant circumstances accompanying and immediately following the doing of the act.

8. *Trial; Objections to Evidence; Time.*—Where no objection is interposed to a question, a motion to exclude the answer after it is given comes too late.

9. *Charge of Court; Applicability to Evidence.*—Where the proof showed that defendant was in a public road some hundred yards or more from his house when the killing occurred, charges assuming that he was within the curtilage of his home and under no duty to retreat were properly refused as being inapplicable.

APPEAL from Monroe Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

James R. Bailey was convicted of manslaughter in the first degree, and appeals. Reversed and remanded.

The person killed was John Johnson. The exceptions to evidence sufficiently appear in the opinion. The evidence for the state tended to show that an altercation arose between defendant and deceased about 8 o'clock at night, and that, after some words and a blow had passed, deceased went or was carried away from the scene of the difficulty, and a little later returned, when the fatal encounter took place; the killing occurring near the place where the first altercation occurred. It further appeared from the evidence of the state that defendant, two other Baileys, and a man named Solomon were together at the time of the killing, and that, while defendant shot first with a pistol, some of the others also participated by firing guns; both shot and bullet wounds being found on the body of deceased. The killing seemed to have occurred near a church, and not far from Bailey's house. The first opprobrious language used seems to have been used by deceased in front of or near Bailey's house.

The defendant requested the court to charge the jury that there was no evidence of a conspiracy in the case, and also to charge that under the facts in this case there was no duty resting upon defendant to retreat.

The following is charge 3:

The court charges the jury that the bare fear of the commission of offense, to prevent which defendant used a deadly weapon, is not sufficient to justify it, but the circumstances must be sufficient to excite the fears of a reasonable man, and the attacking party must have acted under the influence of such fears alone. It is not necessary, however, to justify the use of a deadly weapon, that the danger be actual. It is enough that it be apparent danger; such an appearance as will induce a reasonable person in defendant's position to believe that he was in immediate danger of great bodily harm. Upon such appearance the party may act with safety, nor will he be held accountable, though it would appear afterwards that the indications upon which he acted were wholly fallacious, and that he was in no actual peril. The rule in such case is that: What would a reasonable person, a person of ordinary caution, judgment, and observation, in the position of defendant, seeing what he saw, and knowing what he knew, honestly believe from the situation and these surroundings? If such reasonable person, so placed, would have been justified in believing himself in such imminent danger, then defendant would be justified in believing himself in such peril, and in acting upon such appearances.

(12) I charge you, gentlemen of the jury, that the law gives a person 'the same right to use such force as may be reasonably necessary, under the circumstances by which he is surrounded, to protect himself from great bodily harm as it does to prevent his life

being taken. He may excusably use this necessary force to save himself from any felonious assault.

(11) It is not necessary, under the evidence in this case, that defendant should have been actually in danger of death or great bodily harm at the time he killed deceased in order for him to have been justified in shooting deceased; that is, if you believe from the evidence that defendant did shoot deceased. Defendant had the right to act upon the appearance of things at the time, taken in connection with the light of all the evidence; and defendant had the right to interpret the conduct of deceased in the light of threats that the evidence shows deceased had made against defendant. If the circumstances attending the killing were such as to justify a reasonable man in the belief that he was in danger of great bodily harm or death, and he honestly believed such to be the case, then he had a right to shoot the deceased in his own defense, although, as a matter of fact, he was not in actual danger; and, if the jury believe that defendant acted under such conditions or circumstances as above set out, the jury should find defendant not guilty.

J. D. RATCLIFFE, for appellant. The court was in error in allowing testimony as to the gun shot wounds, since the indictment charged a killing with a pistol.— *Burden v. State*, 25 Ala. 60; *Phillips v. State*, 68 Ala. 469; *Hornsby v. State*, 94 Ala. 55; *Gaines v. State*, 146 Ala. 16. The evidence as to the former difficulty was inadmissible, especially the details thereof.—*Martin v. State*, 77 Ala. 1; *Lawrence v. State*, 84 Ala. 424; *Robinson v. State*, 155 Ala. 67. It is competent to show that a witness has been convicted of crime for the purpose of affecting his credibility.—*Kelso v. State*, 47 Ala. 573; *Waters v. State*, 117 Ala. 108. The court

should have permitted defendant to show that defendant had returned to his house and that deceased used very insulting and profane language near the house.— *Bailey v. State,* 4 Ala. App. 7. The defendant was within his curtilage and charge 1 should have been given.— Black's Law Dict. 311. Charge 3 was improperly refused.—*Twitty v. State,* 168 Ala. 59. Charge 9 should have been given.—*Cheney v. State,* 172 Ala. 268. Charge 25 should have been given.—*Jackson v. State,* 136 Ala. 22.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. Counsel discuss the charges refused to defendant with the insistence that they were properly refused, but cite no authority except they insist that charge 3 was condemned by the Supreme Court in the case of *Twitty v. State,* 168 Ala. 59.

PELHAM, J.—This is the second appeal in this case. —*Bailey v. State,* 4 Ala. App. 7, 58 South. 675.

The evidence set out in the bill of exceptions on this appeal shows the affair to have been one continuous transaction from the time the dispute arose, or difficulty occurred, at or near the church, until the fatal reencounter occurred in the public road· a short time afterwards; and the court was not in error in permitting the state to introduce in evidence the particulars of the difficulty that took place at the church. Nor was it error to allow the state to show, by the doctor who examined the deceased a short time after the killing, the extent and nature of the wounds on the body of the deceased, whether they were inflicted as gunshot or pistol shot wounds. It does not follow that, because the indictment avers that the deceased came to his

death by having been shot with a pistol, the state is precluded from showing, by a doctor who examined the body of the deceased immediately after the killing, and who is shown to be an expert, the nature and extent of the wounds found upon the body inflicted by other means than a pistol shot. It was for the jury to say, after hearing all the evidence on this subject, whether the bullet wounds testified to by the physician and other witnesses were produced by shots fired from a pistol or some other firearm.—*Eaton v. State,* 8 Ala. App. 136, 63 South. 41.

The court was in error in refusing to permit the defendant to show by the witness Nat Johnson that the defendant and his family were in his (defendant's) house at the time the deceased was using the highly insulting, threatening, and obscene language testified to by some of the witnesses. This was in point of time just prior to the killing, and was clearly a part of the res gestæ, and had a tendency to afford some explanation of the conduct of the parties. No objection is shown to have been made to the question eliciting the testimony from the witness George Johnson to the effect that he went to Clarke county after having been convicted of an offense and then came back, but only a motion to exclude the answer after it was made is shown. Such an objection to evidence is not reviewable on appeal.— *Hooper v. Dorsey,* 5 Ala. App. 463, 58 South. 951.

There was sufficient evidence before the jury to warrant a finding of the existence of a conspiracy, and the court properly refused the defendant's requested charges excluding a consideration of that question from the jury. It is not indispensable in showing a conspiracy that the evidence should show its existence at any definite time prior to the doing of the act. It may have arisen on the spur of the moment, and it is not essen-

tial that it be shown by positive testimony; its existence may be inferred from all the attendant circumstances accompanying and immediately following the doing of the act.—*Jones' Case,* 174 Ala. 53, 57 South. 31; *Tanner's Case,* 92 Ala. 1, 9 South. 613; *Williams' Case,* 81 Ala. 4, 1 South. 179, 60 Am. Rep. 133; *Martin's Case,* 89 Ala. 115, 8 South. 23, 18 Am. St. Rep. 91; *Gibson's Case,* 89 Ala. 121, 8 South. 98, 18 Am. St. Rep. 96; *Elmore's Case,* 110 Ala. 63, 20 South. 323; *Evans' Case,* 109 Ala. 13, 19 South. 535; *Johnson's Case,* 29 Ala. 62, 65 Am. Dec. 383; *Scott's Case,* 30 Ala. 503; *Buford's Case,* 132 Ala. 6, 31 South. 714; *Morris' Case,* 146 Ala. 66, 41 South. 274.

The proof showed that the defendant was in the public road some hundred yards or more from his home at the time the killing occurred, and those charges assuming or predicated upon the defendant's being within the curtilage of his home when the fatal shot was fired, and under no duty to retreat, were properly refused. See *Hubbard v. State,* 10 Ala. App. 47, 64 South. 633.

Charge No. 15 in *Twitty's Case,* 168 Ala. 59, 53 South. 308, was criticized for substituting "supposed" for "bona fide belief." Charge No. 3 in the case at bar is in the same language as charge No. 15 in *Twitty's Case,* except that it meets the criticism directed at the charge in that case by substituting "honestly believe" for the word "suppose" as it appears in the charge in that case.

The Supreme Court has held charge No. 12 refused to the defendant to be a good charge that should be given. It is the same charge passed on as charge No. 12 in *Twitty v. State,* 168 Ala. 59, 53 South. 308. It is not abstract as applied to the evidence in this case, nor covered by any of the given charges. Its refusal was error.

Refused charge No. 11 pretermits the requirement for retreat contained in a somewhat similar charge approved in Bluitt's Case, 161 Ala. 14, 49 South. 854.

It will be seen from the foregoing discussion of the case that, for the errors committed on the trial that we have pointed out, a reversal must necessarily be ordered, and we do not deem a more extended discussion of the case necessary or beneficial. What has been said will be a sufficient guide to the court below on another trial so far as any question presented on this record is concerned.

Reversed and remanded.