(107 So. 49)

## JONES v. STATE. (6 Div. 530.)

(Supreme Court of Alabama. Dec. 10, 1925. Rehearing Denied Jan. 28, 1926.)

1. **Criminal law** ⚌1014—**Successive petitions for certiorari not made to review each ruling of the trial court.**

Successive petitions for certiorari may not be made to do the service of several and successive reviews of each ruling of the trial court.

2. **Criminal law** ⚌1179—**Reversal of ruling resting on refusal of a charge did not reopen other questions or rulings theretofore foreclosed.**

Where petition for certiorari challenging action of trial court in refusal of requested charge was dismissed for failure to comply with rule 44 (4 Code 1923, p. 894), and thereafter case was reheard in Court of Appeals and reversal was rested on failure to give another charge, reversal of such ruling on certiorari to the Supreme Court did not reopen the several other rulings theretofore foreclosed.

Petition for certiorari to Court of Appeals.

Petition of Alonzo Jones for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in Jones v. State, 20 Ala. App. 660, 104 So. 771. Petition dismissed.

Gray & Powell, of Jasper, for appellant.

In view of the decision, brief on the merits need not be here set out.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

THOMAS, J. A petition for certiorari in this case, challenging the action of the trial court in the refusal of charges requested by defendant from 1 to 16, inclusive, was sought to be presented on August 5, 1924, and for defects in the petition it was dismissed on October 6, 1924. 213 Ala. 391, 104 So. 774.

That petition by Jones contained, among other things, the following:

"(4) On the trial of petitioner in the circuit court, a charge numbered 10A (Record, p. 4) was requested in writing by the defendant, and refused by the trial court, as follows: 'The law gives a person the same right to use such force as may be reasonably necessary under the circumstances by which he is surrounded to protect himself from great bodily harm, as it does to prevent his life being taken. He may excusably use this necessary force to save himself from any felonious assault.' The ruling of the trial court in refusing the foregoing charge to the defendant was properly presented to the Court of Appeals for review as shown by the record in this case, and the decision of the Court of Appeals thereon is as follows: 'Charge 10A is misleading in its tendencies. The correct rule of self-defense, including freedom from fault, impending peril, and the doctrine of retreat, are all compassed in charge 10A. These rules of law had been fully covered by the court in both the oral and the given written charges.'

"The foregoing was all the said decision of the Court of Appeals had to say with reference to said charge. Petitioner alleges that said decision, on this point, is in direct conflict with the cases of Twitty v. State, 168 Ala. 59, 53 So. 308; Black v. State, 5 Ala. App. 87, 59 So. 692; Bailey v. State, 11 Ala. App. 8, 65 So. 422, and others, where this identical charge was held to be good, and the refusal to give the same worked a reversal in each of the above cases. The petitioner alleges that the Court of Appeals is in error in its decision as to the foregoing charge. While the foregoing decision does not expressly say that charge 10A was covered by the oral and given charges, but in view of the last clause of the decision above quoted, the petitioner attaches hereto a copy of the trial court's oral charge given on the trial of this case, marking the same 'Exhibit A,' and all of the given written charges, marking the same 'Exhibit B,' and praying that each may be taken and considered as a part of the petition."

This court rested the dismissal of that petition upon rule 42 (198 Ala. xiv), new rule 44 (4 Code 1923, Civil, p. 894). The merit of petitioner's "assignments of error" challenging the refusal to give on his written request charge 10A was not considered. Thereafter the case was reheard in the Court of Appeals, and the opinion therein, per curiam, recites:

"This case was affirmed by this court on June 10, 1924. On June 25, 1924, application for rehearing was made, and on July 22d, at an adjourned term of this court, the application was overruled. On September 2, 1924, and while this court was still in adjourned session, the court ex mero motu ordered the cause restored to the rehearing docket for further consideration of charge 2, refused to defendant on the

trial in the circuit court. Petition for certiorari was applied for to the Supreme Court upon the overruling by this court of appellant's application for rehearing, which application was denied by the Supreme Court on October 6, 1924. * * *

"It is but fair to this court and to the Supreme Court to say that, neither in the original submission nor in the application for rehearing, was the court's especial attention directed to the authorities controlling the proposition of law set out in refused charge 2, which we now proceed to consider."

The reversal by the Court of Appeals was then rested upon the failure of the trial court to give defendant's charge 2. In response to that judgment, the state, by certiorari, sought a review of the ruling; and in that decision was pointed out the reason justifying the refusal of defendant's written charge 2. The certiorari was granted May 7, 1925. 20 Ala. App. 660, 104 So. 773. Thereafter, on August 20, 1925, defendant filed in this court a second (this) petition for certiorari grounded upon the failure of the trial court to give written charge 10A.

[1, 2] Petitioner should have filed in the first instance a petition for certiorari complying with the rule; failing therein, he had the opportunity on the state's petition for certiorari to urge, by way of confession and avoidance and in justification of the judgment of reversal of the Court of Appeals, the refusal to give charge 10A. Successive petitions for certiorari may not be made to do the service of several and successive reviews of each ruling of the trial court. As has been indicated, there were 18 charges requested by the defendant and refused by the trial court—embracing refused charges 2 and 10A. If said rulings on these two charges had been presented by the first petition for certiorari, they would have been considered. This not being done, and the Court of Appeals thereafter having reheard the defendant as to charge 2 and ordered a reversal, the issues were narrowed to those of error vel non in the refusal of defendant's charge 2 in this court. The reversal, being rested on the refusal of that charge, did not reopen the several other questions or rulings theretofore foreclosed as we have indicated.

It may be further observed that if, on hearing of the second certiorari by the state, defendant had urged to this court that, though there was error in resting the reversal by the Court of Appeals on the refusal of charge 2, yet that decision could be justified on the refusal of charge 10A, and if it be held the charge contained a correct statement of law under the issues presented, the second petition for certiorari would have been denied.

The petition is dismissed.

All the Justices concur.