177 So.2d 892 (1965)
Glenwood Frederick PERRY, Appellant,
v.
The STATE of Florida, Appellee.
No. 64-935.
District Court of Appeal of Florida. Third District.
June 29, 1965.
Rehearing Denied September 9, 1965.
Robert L. Koeppel, Public Defender, and Phillip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and James T. Carlisle, Asst. Atty. Gen., for appellee.
Before CARROLL, HENDRY and SWANN, JJ.
SWANN, Judge.
The appellant was the defendant below and, together with a co-defendant, Elliott, was charged with assault with intent to commit robbery. Both defendants entered pleas of not guilty and waived trial by jury. The appellant was adjudged guilty and sentenced to three years in the State Penitentiary.
Appellant seeks to reverse his conviction of assault with intent to commit robbery on the grounds that the State failed to establish a prima facie case; that he was not a criminal participant in an assault committed by the co-defendant, Elliott, and that the assault was not committed with intent to commit robbery.
The facts are these. The appellant, a resident of Jacksonville, had only been in Miami two days to visit with his sister, and admitted that he did not know anyone else in Miami other than the co-defendant, Elliott. Appellant entered a woman's dress shop in Miami, alone, allegedly to purchase a skirt for his wife. Upon being told they did not have a size eight as he requested, he asked for a size ten, and the female clerk, who was the only attendant, took him to the back of the store to look at the skirts.
*893 While they were there, the clerk heard the cash register ring. She ran to the front of the store and saw the co-defendant, Elliott, leaning around the desk and reaching for the cash drawer. The cash register was equipped with a bell that would ring when the drawer was pulled out and it ordinarily did not go off by itself.
The co-defendant, Elliott, struck the clerk on the jaw, knocked her to the floor, started beating her, and then yelled "Go for the door" twice. The clerk pretended to faint and the co-defendant, Elliott, seized her by the throat and started choking her. During this period of time, appellant came to the front of the store and watched the fight, but did nothing to assist either person and did not leave or attempt to summon assistance.
The parties were on the floor for approximately one minute and a half until an officer from the Miami Police Department came by and saw Elliott choking the clerk. He drew his gun, whereupon Elliott released the clerk who then advised the officer that Elliott and the appellant had attempted to rob her. He thereupon placed them under arrest and the trial followed.
It is apparent that the only theory upon which the appellant could be criminally responsible is that he was a principal who "aided and abetted" the co-defendant, Elliott, in the assault on the clerk with the intent to commit robbery. Section 776.011, Florida Statutes, F.S.A., defines a principal in the first degree as follows:
"Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, is a principal in the first degree and may be charged, convicted and punished as such, whether he is or is not actually or constructively present at the commission of such offense."
The trier of facts could have, and did, in our opinion, properly determine that these facts were not consistent with any reasonable hypothesis of innocence and that the circumstantial evidence in this case was sufficient to support the conviction of the appellant for aiding and abetting the co-defendant, Elliott, in the assault with intent to commit robbery.
For the reasons stated, the judgment of the trial court is
Affirmed.
CARROLL, J., dissents.