BARKDULL, Judge.
Appellant seeks review of a conviction of robbery. He and two other men entered a store together. Once inside, they separated; one left, the premises and the appellant went to the rear of the store with the proprietor’s father. Another of the trio stayed at the front of the store and, when approached by the proprietor, he stated he didn’t want anything ; that he was waiting on the appellant and then he pulled a gun, stuck it in the proprietor’s stomach and demanded the money in the cash register. An altercation ensued between the proprietor and the man holding the gun, during which time the appellant grabbed two sweaters and ran. The only one apprehended was the appellant. He was tried on the charge of robbery, convicted, judgment and sentence accordingly.
By this appeal, it is urged that the most the record will sustain is a conviction of petit larceny because it fails to link the appellant’s crime with the actions of the party pulling the gun and demanding that the owner of the store turn over the money in the cash register. We affirm.
The evidence is unrefuted that the appellant and the “gun wielder” entered the store at the same time; that they separated and, while another pulled a gun and demanded money, the appellant grabbed articles not belonging to him and fled from the scene. We find ample evidence to support the conviction, either because the appellant acted in concert with the “gun wielder” or because he took advantage of the situation, adopted the circumstances of the store owner’s being under the threat of a gun and removed personal property not belonging to him. See: Bass v. State, Fla.App.1965, 172 So.2d 614; Perry v. State, Fla.App.1965, 177 So.2d 892; Eaton v. State, 8 Ala.App. 136, 63 So. 41; People v. Lee, 55 Ill.App.2d 371, 204 N.E.2d 588.
Therefore, for the reasons above stated, the conviction, judgment and sentence here under review is hereby affirmed.
Affirmed.