PER CURIAM.
The appellants herein were charged with the crimes of breaking and entering a building with intent to commit a felony, *257 to-wit, grand larceny, and grand larceny. They waived trial by jury; were tried by the judge who found them guilty of larceny but not guilty of breaking and entering with intent to commit a felony.
On appeal they argue that their verdicts and sentences should be reversed because the state failed to prove a prima facie case of grand larceny.
We have reviewed the testimony given at trial and find that it was sufficient and competent to establish a prima facie case of grand larceny against all defendants. See Perry v. State, Fla.App.1965, 177 So.2d 892.
The appellants also argue that a verdict of guilty of grand larceny rendered by a trial judge sitting without a jury must be reversed on appeal because it is inconsistent under the evidence with a verdict of not guilty of breaking and entering with intent to commit a felony.
The record on appeal does not reveal that the áppellants ever presented the question of inconsistent verdicts to the trial judge for a ruling and they argue this point for the first time on appeal. We cannot reverse a trial judge for failure to rule on a question which was apparently never presented, argued or ruled upon by him. See Nelson v. State, Fla.1956, 85 So.2d 832.
The judgments of conviction and sentence herein appealed be and the same are, therefore,
Affirmed.