SCHWARTZ, Judge.
Sampson was found guilty of first degree felony murder, arising from the robbery and death of one Norval K. Reed, and, as a separate offense, of the robbery itself. We affirm the murder and reverse the robbery conviction.
The appellant’s primary point on appeal, which is based on the admitted fact that he did not personally inflict the fatal wounds, is that the evidence is insufficient to establish his prior intent to participate in the robbery, see, J. H. v. State, 370 So.2d 1219 (Fla.3d DCA 1979), cert. denied, 379 So.2d 209 (Fla.1980), and that he could thus not be deemed guilty as an aider and abettor of that crime nor, therefore, under the felony murder doctrine. We disagree.[1] The record — which shows, among other things, that Sampson proceeded to the victim’s home with his two friends, the co-perpetrators; remained there and actually observed Reed being choked and stabbed; and then, after participating in ransacking *171 the house, fled with some of Reed’s property in his possession — fully supports the jury finding of his guilt as a principal of robbery. See, Jefferson v. State, 298 So.2d 465 (Fla.3d DCA 1974); Mallory v. State, 211 So.2d 69 (Fla.3d DCA 1968); Perry v. State, 177 So.2d 892 (Fla.3d DCA 1965). Furthermore, since he was “personally present” when the killing took place, Sampson was properly found guilty of first rather than second degree felony murder. Adams v. State, 341 So.2d 765, 768 (Fla.1976), cert. denied, 434 U.S. 878, 98 S.Ct. 232, 54 L.Ed.2d 158 (1977); Andrews v. State, 372 So.2d 143 (Fla.3d DCA 1979), cert. discharged, 390 So.2d 61 (Fla. 1980).
The appellant’s other contentions may be quickly disposed of. He makes several complaints concerning the jury instructions, none of which were raised below. Considering the charges as a whole, however, we find that no error — ard certainly no fundamental error — was committed in this regard. Adams v. State, supra; Castor v. State, 365 So.2d 701 (Fla. 1978); Marcum v. State, 379 So.2d 974 (Fla. 5th DCA 1979), cert. denied, 389 So.2d 1112 (Fla. 1980); Taylor v. State, 386 So.2d 825 (Fla.3d DCA 1980). The prosecutor’s final argument, which was also not objected to, similarly presents no ground for reversal. White v. State, 377 So.2d 1149 (Fla. 1979); Clark v. State, 363 So.2d 331 (Fla. 1978). The defendant’s claim that he was unjustly treated more harshly than his accomplices, who actually committed the murder,[2] may not even be considered by this court. See Gibbs v. Wainwright, 303 So.2d 7 (Fla. 1974); Wilkinson v. State, 322 So.2d 620 (Fla.3d DCA 1975).
Since, however, it is undisputed that the murder conviction was solely based on the underlying felony of robbery, the separate robbery adjudication and sentence cannot stand. State v. Pinder, 375 So.2d 836 (Fla. 1979); Thompson v. State, 397 So.2d 354 (Fla.3d DCA 1981), and cases cited.
The judgment and sentence for first degree murder are affirmed; those for robbery are reversed.
Affirmed in part, reversed in part.

. We also point out that this ground was not asserted in support of the motion for judgment of acquittal and thus may not be considered here. Pinder v. State, 396 So.2d 272 (Fla.3d DCA 1981); Patterson v. State, 391 So.2d 344 (Fla. 5th DCA 1980).

. One pled and the other was found guilty only of second degree murder. Each was sentenced to life imprisonment with immediate eligibility for parole, while Sampson was given the minimum sentence for first degree murder, life with a mandatory period of 25 years in prison.